ARTHUR P. HOMER *vs.* BAKER YACHT BASIN, INCORPORATED.

Suffolk.   March 13, 1916. — April 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Contract,* Construction, Performance and breach.  *Damages,* In contract.

In an agreement to purchase a Sterling engine to be shipped from Buffalo, where in the order for the engine no-time for delivery is named, a requirement of delivery within a reasonable time is implied.

In an action on such a contract, evidence that within five months from the date of the order a notice was given by the seller to the purchaser that the engine was ready for shipment, that the notice was followed eleven days later by a letter, stating that, no reply having been received, the shipment, in the absence of notification to the contrary, would be made a week after that, and that the engine was shipped in accordance with this statement, was *held* to warrant a finding that the contract was performed by the seller within a reasonable time and that he was entitled to recover damages for the defendant's refusal to receive the engine.

It also was *held* that, in assessing damages for the breach of this contract, the plaintiff's loss of profit and the freight charges paid by him properly might be included.

DE COURCY, J.   On conflicting evidence, the trial judge* was warranted in finding that the defendant agreed in writing to purchase from the plaintiff a Sterling engine "f. o. b. Buffalo." The agreement was dated November 20, 1913, and a requirement of delivery within a reasonable time would be implied in the absence of a specified date therefor.

On April 16, 1914, the defendant was notified that the engine was ready for shipment and was requested to send shipping instructions. The plaintiff, receiving no reply, by his letter dated April 27 informed the defendant that he would make the ship-

---

* *Jenney,* J., by whom the case was heard without a jury.  He found for the plaintiff in the sum of $322.28; and the defendant alleged exceptions.

ment on May 4 unless notified to the contrary. The engine was shipped accordingly, but the defendant refused to receive it.

It was not in dispute that the engine was in accordance with the specifications. There was evidence to warrant a finding that it was delivered within a reasonable time after the execution of the contract; also that in making the sale the plaintiff was acting not as agent for the Sterling Engine Company but in his own behalf, and that the engine was shipped direct from the manufacturer to the defendant at the request of the plaintiff as owner.

The damages found by the judge included the plaintiff's loss of profit and the freight charges paid by him, and we cannot say that the finding was not justified by the evidence. The rulings requested * were refused rightly.

*Exceptions overruled.*

*F. E. Shaw,* for the defendant.
*F. R. Mackenzie,* for the plaintiff.

---

* The rulings requested were in substance that the defendant did not enter into the contract set forth in the plaintiff's declaration and that upon all the evidence the plaintiff could not recover.