BUSY BEE CONFECTIONERY COMPANY *vs.* BROADWAY NATIONAL BANK & another.

SAME *vs.* BROADWAY NATIONAL BANK.

Suffolk.   November 30, 1926. — January 24, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Summary Process for Possession of Land,* Appeal bond. *Damages,* In action of contract, Prospective profits.

At the trial of an action upon an appeal bond given by a defendant under G. L. c. 239, § 5, in proceedings of summary process for the possession of land, it appeared that for about six years the plaintiff had occupied and had carried on business on premises adjoining the premises in question when, as assignee of a lease, it claimed a right to the possession of the premises in question which were occupied by the defendants and procured a judgment in a district court from which the defendant appealed; that thereafter in the Superior Court, by agreement of the parties, a judgment was entered in favor of the plaintiff for possession and for costs. The plaintiff offered and the judge excluded evidence that, if the plaintiff had been given possession when he was entitled to it, he would have been able to carry on there the business which he carried on from and after the time when possession was delivered to him by the defendant, and that as a result of the delay in the delivery of possession the plaintiff lost the profits which he could have made during the period that he was excluded from the possession of the premises; and also that, by reason of the delay of the defendant in vacating the premises, there had been an increase in the expense to the plaintiff of making certain alterations. *Held,* that

(1) The evidence as to prospective profits properly was excluded as being wholly speculative and conjectural;

(2) The provisions of the bond allowing the plaintiff to recover "all damage and loss" due to the withholding of possession did not include loss of profits which were speculative and conjectural;

(3) The evidence of loss by reason of increased cost of alteration should have been admitted and such loss should have been allowed to the plaintiff as damages.

CONTRACT upon an appeal bond given by the defendant in proceedings in summary process for possession of land. Writ dated July 11, 1923. Also, an action of

TORT, with a declaration as amended in two counts, the first count for alleged unlawful withholding of possession of real estate to which the first action referred and the second count for alleged abuse of process in defence of the summary process proceedings. Writ dated July 11, 1923.

Proceedings at the trial of the actions together in the Superior Court before *Greenhalge*, J., are described in the opinion. The offer of proof by the plaintiff as to loss of prospective profits and as to an increased expense of alterations was "to prove in the matter of prospective profits, that if the possession of these premises had been given to the plaintiff on April 1, 1922, the plaintiff would have been able to carry on the business there which is carried on from and after the time when possession was delivered to it by the defendant, and that as a result of the delay in the delivery of possession the plaintiff lost the profits which it could have made during the period that it was excluded from the possession of the premises. That as to the alterations, the plaintiff offers to prove that the increased cost of those alterations which it made, which increased cost came about by reason of the rise in the price of materials and labor between April 1, 1922, and October 13, 1922, was a very substantial sum, and offers to prove the exact amount by competent evidence from competent witnesses."

In the first action, the judge ordered a verdict for the plaintiff in the penal sum of the bond, $5,000, and that damages be assessed in the sum of $2,249.72; and in the second action he ordered a verdict for the defendant. The plaintiff alleged exceptions.

*D. J. Dempsey, Jr.*, for the plaintiff.

*C. A. Warren*, for the defendants.

CROSBY, J. The plaintiff, a corporation organized under the laws of this Commonwealth, from the year 1916 and

including the time the acts hereinafter referred to occurred, conducted a restaurant at No. 468 Broadway in Chelsea. The defendant bank in October, 1921, occupied the adjoining premises, numbered 472, under a written lease from one Dedomenico which expired April 1, 1922. On October 29, 1921, the lessor executed and delivered to one Anagnostopoulos and one Gegerias a written lease of the premises 472 Broadway for the term of fifteen years from April 1, 1922. The first named lessee was at that time the president of the plaintiff corporation. The lessees by a written notice dated December 19, 1921, notified the defendant bank of the lease held by them and requested it to vacate the premises on April 1, 1922. The following assignment was written upon the lease: "Boston, November 14, 1921 The within lease is hereby assigned to the Busy Bee Confectionery Co., Inc., a Mass. Corporation. (signed) Theodore Anagnostopoulos (Seal)."

The plaintiff offered to prove that by a written assignment dated June 22, 1925, the lessee Gegerias declared that he "orally joined with the other lessee in the assignment of said lease to the Busy Bee Confectionery Company, on or about November 14, 1921," and that he ratified and confirmed the assignment. This offer of proof and the assignment were erroneously excluded by the trial judge, but as he ordered a verdict in the first action in the penal sum of the bond and that damages be assessed for the plaintiff in the sum of $2,249.72, the exclusion is immaterial.

The defendant bank remained in possession of the premises after the expiration of its lease until October 13, 1922. The plaintiff on April 15, 1922, brought a writ in the District Court of Chelsea under G. L. c. 239, to recover possession of the premises; in this action the bank was defaulted. Judgment for the plaintiff and costs were entered, from which the defendant bank appealed to the Superior Court and duly filed a bond, as required by G. L. c. 239, § 5. On November 4, 1922, a stipulation was filed by the parties in the Superior Court reciting in substance that the defendant bank had surrendered possession of the premises, and that the plaintiff had entered into possession thereof. A judgment in favor

of the plaintiff for possession and for costs was entered in the Superior Court by agreement of the parties.

The first action is brought upon the bond above referred to. The trial judge, subject to the plaintiff's exception, excluded evidence of prospective profits which it contended it would have made if possession of the premises had been surrendered on April 1, 1922, and he also excluded evidence of the increased cost of alterations made by the plaintiff in the premises in the fall of 1922.

In the second case the plaintiff waived its claim to recover for rent under count two, and the parties stipulated that the fair rental value of the premises was $300 a month, which, during the time the plaintiff was deprived of possession, with interest thereon to the date of the verdict, amounted to $2,221.75; and that the plaintiff was entitled to its costs in the original action amounting to $27.97. The trial judge, with the defendants' consent, ordered a verdict for the plaintiff in the first action in the penal sum of the bond, and that damages be assessed in the sum of $2,249.72; in the second action he ordered a verdict for the defendant.

The ruling, that the plaintiff was not entitled to recover for prospective profits which it contended it would have made if the company had occupied the premises during the time possession was unlawfully withheld by the defendant bank, was correct. If we assume, without deciding, that such profits ever may be recovered in an action of this kind, the offer of proof made by the plaintiff was insufficient to determine with any reasonable degree of certainty what profits, if any, the company would have made during that period. It was wholly speculative and conjectural. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21–23. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 380, 381. The decision in *Neal* v. *Jefferson,* 212 Mass. 517, is not applicable to the facts in the present case.

The measure of damages which the plaintiff was entitled to recover is recited in the bond as follows: "all rent now due, all intervening rent and all damage and loss which it . . . [the plaintiff] may sustain by reason of the withholding of the possession of the above demanded premises and by

reason of any injury done thereto during such withholding, together with all costs until delivery of the possession of said premises to it . . . ."

Under Rev. Sts. c. 104, § 10, a plaintiff, upon being held entitled to recover possession of premises unlawfully withheld from him, could recover the intervening rent and interest thereon, but could recover nothing more as damages. *Bartholomew* v. *Chapin*, 10 Met. 1. The case last cited was decided in 1845; by St. 1848, c. 142, § 1, Rev. Sts. c. 104, § 10, was amended by adding after the word "damages" the words "and loss." It is a fair inference that St. 1848, c. 142, was enacted by reason of the decision in *Bartholomew* v. *Chapin, supra.* It was said by Chief Justice Shaw in *Davis* v. *Alden*, 2 Gray, 309, at page 314, that "In *Bartholomew* v. *Chapin* . . . the court held that, under Rev. Sts. c. 104, § 10, unliquidated and collateral damages could not be recovered, but only the rent reserved in the lease; and referred to the use of the term damages, in former statutes requiring a recognizance on appeal. But this decision was before the statute of 1848, c. 142, which includes in terms all damages and costs which the plaintiff may sustain, by reason of the withholding of the possession, and by reason of any injury done to the premises, in the mean time."

In *Shaw* v. *McIntier*, 5 Allen, 423, an action upon a recognizance given in a proceeding for the recovery of possession of premises which did not refer to "loss" sustained by the obligee, it was held that such omission did not invalidate the recognizance. It was there said by Chapman, J., at page 425, "Its language varies from the language of the statute . . . . It omits to require security for the losses specified in addition to damages. The word 'damages' has already received a judicial interpretation in *Bartholomew* v. *Chapin*, 10 Met. 1."

In the absence of any intention on the part of the Legislature to allow a recovery either as damages or loss of speculative profits, it cannot be inferred that in an action of this kind the plaintiff is entitled to recover for such profits. By our previous decisions, and generally, such profits are held not recoverable. If the words "and loss" be regarded as

more comprehensive than the word "damages," the former cannot properly be held to include loss of profits which are speculative and conjectural.

The increased cost of labor and materials incurred by the plaintiff by being deprived of the possession of the premises in the spring of 1922, however, stands upon a different footing. That could have been found to be due to the failure of the defendant bank to vacate the premises at the expiration of its lease, and its unlawful withholding of the occupancy of the premises until October, 1922. Such cost was capable of definite proof. As the evidence was admissible, the exception to its exclusion must be sustained.

The trial judge rightly directed a verdict for the defendant in the second action, which was in tort. The plaintiff waived its claim to recover for rent under the first count. It cannot recover under that count for the extra cost of the alterations which was an element of damage recoverable in the first action brought for breach of the bond. Nor for the reasons stated could a recovery be had under this count for loss of prospective profits. The plaintiff's exception to the ruling that it could not recover on the second count was waived and need not be considered.

As the evidence offered of the extra cost of alterations made in the premises was admissible in the first case, the exceptions to its exclusion must be sustained and a new trial had in that case, limited to the issue of damages.

*So ordered.*