MARY L. BINDER *vs.* BERNARD HARRIS & another.

Middlesex.    December 7, 1928. — May 28, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT & SANDERSON, JJ.

*Bond*, Appeal.  *Evidence*, Competency.  *Contract*, Construction.  *Damages*, In contract.  *Words*, "Damages."

At the hearing of an action upon a bond given under G. L. c. 239, § 5, in ejectment proceedings, it appeared that the principal defendant had not entered his appeal in those proceedings, but had vacated the premises, and that the judgment in those proceedings had been affirmed with costs, which the defendant had paid; that the defendant, a tenant at will, had paid the monthly rent agreed upon between him and the plaintiff up to the time of vacating the premises but that, owing to his occupancy, the plaintiff had been unable to accept an offer by a prospective tenant, acceptance of which would have given to the plaintiff a substantial advance over the rent agreed to be paid by the defendant. The plaintiff waived all claim under the bond except the amount that, but for the defendant's occupancy after his appeal, he would have realized from the prospective tenant. The judge found for the plaintiff in the amount of the bond and ordered execution for the amount of damages claimed by the plaintiff. *Held*, that

(1) The evidence as to the loss of the rent from the prospective tenant beyond that paid by the defendant was competent, it having a direct tendency to show actual loss sustained by the plaintiff by reason of the withholding possession of the tenement from the plaintiff by the defendant;

(2) Under the provisions of the bond, entitling the plaintiff to recover "loss which" he might "sustain by reason of the withholding

of the possession of the above demanded premises . . . together with all costs until the delivery of the possession of said premises to" the plaintiff, the plaintiff was entitled to recover the kind of loss which on the evidence it was found that he had sustained.

CONTRACT against the principal and surety upon an appeal bond given by the defendant in an action of ejectment under the provisions of G. L. c. 239, § 5. Writ dated November 5, 1925.

In the Superior Court, the action was heard by *F. T. Hammond,* J., without a jury. Material evidence is stated in the opinion. Requests by the defendants for rulings, refused by the judge, were as follows:

"3. The evidence offered by the plaintiff was insufficient as matter of law that the plaintiff had suffered any damage within the meaning and the true construction of the bond as declared upon by the plaintiff.

"4. The evidence offered by the plaintiff was insufficient as matter of law that the plaintiff had suffered any loss within the meaning and the true construction of the bond as declared upon by the plaintiff."

"9. The costs contemplated by the condition of the bond are such costs as are taxable in an action to recover for breach of the bond."

The following request the judge gave excepting the last five words, which he refused:

"5. There can be no recovery for the plaintiff on the bond unless the withholding of the possession of the premises described in the bond had a direct casual [*sic*] connection with the damage and loss sustained; the damage and loss must directly follow as a consequence from the withholding of the possession, otherwise there is no recovery for damage and loss and none has been shown."

The judge found for the plaintiff in the amount of the bond, $500, and ordered execution in the sum of $175. The defendants alleged exceptions.

*J. H. Kenney,* for the defendants.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action in contract for breach of the condition of a bond signed by the defendant Harris, here-

after called the defendant, as principal, and by the other defendant as surety. The defendant as tenant at will occupied a tenement owned by the plaintiff. On June 18, 1925, the plaintiff after notice brought a writ of ejectment against the defendant in a district court and on June 29, 1925, judgment for possession of the tenement issued in favor of the plaintiff. On the same date the defendant appealed and filed the bond in suit under G. L. c. 239, § 5. The defendant did not enter his appeal and, on July 14, 1925, the plaintiff filed a petition for affirmance of the judgment appealed from; whereupon, on August 17, 1925, judgment for possession with costs taxed at $13.50 was entered in favor of the plaintiff. This amount the defendant paid. The defendant removed from the tenement on July 30, 1925, and delivered the keys to the plaintiff on the following day. While in possession of the tenement the defendant paid the rent monthly in advance at the rate of $45 per month from January 1 to April 1, 1925, and at the rate of $50 per month from April 1 to August 15, 1925. The last payment of $50 was sent to the plaintiff after the first Monday of July and before the plaintiff filed petition for affirmance of the judgment of the district court. The condition of the bond, so far as here pertinent, is in these words: "Now if the said Harris shall enter this said action and pay to the said Binder if the final judgment is in her favor, all rent now due, all intervening rent and all damage and loss which she the said Binder may sustain by reason of the withholding of the possession of the above demanded premises; and by reason of any injury done thereto during such withholding, together with all costs until the delivery of the possession of said premises to her the said Binder then this obligation to be void, otherwise to be and abide in full force, power and virtue." There was testimony which, although more or less contradicted, in its aspect most favorable to the plaintiff tended to show that the tenement was let to the defendant with the understanding that he should take a lease for one year at the rate of $45 per month to April 1 and $50 per month from April 1 to October 1, and that the notice to quit was served because the defendant refused to take such lease; that the plaintiff on May 1, 1925, agreed to

let the tenement to another person for July, August and September at $100 per month, possession to be given on July 1, and that, because the defendant was in possession, the prospective tenant refused to hire the tenement; that the season for letting property of this kind for the summer months was in April, May and June, and for that period the property commanded a higher monthly rental than when leased for the whole year, and that further efforts to rent the tenement were unavailing. The plaintiff waived all claims for damage except the loss of $50 as rent for July, $75 as rent for August, and $50 as rent for September.

This evidence was competent. It had a direct tendency to show actual loss sustained by the plaintiff by reason of the withholding possession of the tenement from the plaintiff by the defendant. The evidence tended to show that such loss was not too speculative or remote but could be ascertained with reasonable certainty. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21, 22. *Neal* v. *Jefferson,* 212 Mass. 517, 523.

The plaintiff was entitled to recover the kind of loss which on the evidence it was found that she had sustained. *Busy Bee Confectionery Co.* v. *Broadway National Bank,* 258 Mass. 360, 365. As is pointed out in the last cited case, the narrow kind of bond considered in *Bartholomew* v. *Chapin,* 10 Met. 1, on which the defendant relies, was changed by St. 1848, c. 142, § 1, now G. L. c. 239, § 5. The constricted interpretation of the word "damage" sought in some of the requests for instructions was refused rightly. The word "damages" is often used, as it was here, to comprehend all factors going to make up the total amount which the plaintiff may recover under correct principles of law. *Proctor* v. *Dillon,* 235 Mass. 538, 546. There was no error in the denial of the requests for rulings.

*Exceptions overruled.*