Forte, J.
This is before the Appellate Division on a report from the allowance of the defendant’s motion for summary judgment in its favor.
The plaintiffs action filed March 8, 1983 is in two counts, *\ under G.L.c. 93A and #2 for money had and received.
From the report the parties agree upon the following material facts:
On February 27,1982, the plaintiff signed a purchase and sale agreement to buy a new vehicle from the defendant. After a trade-in allowance, the purchase price balance was $14,000.00, of which $1,000.00 was paid as a deposit. The time for delivery was not specified in the contract.
On April 2,1982, the plaintiff cancelled the contract, notifying the defendant that “he no longer wanted the car because it had not been delivered within the time frame orally promised by the defendant’s salesman.”
The defendant received the new vehicle on April 26,1982, eight weeks and two days after the purchase and sale contract.
The plaintiff made demand for the return of his deposit and being refused, sent a c.93A demand letter, written October 26, 1982.
The contract contains a clause that the seller may retain the deposit to compensate for its losses if the buyer refuses acceptance within 48 hours after notice the vehicle is ready for delivery. In the event the seller’s losses are less than the deposit, the difference was to be promptly refunded.
The contract contained the following clauses:
The front and back of this order comprise the entire agreement between the dealer and purchaser and no other agreement or understanding has been made or entered into .. .
I acknowledge that delays may be experienced by you in obtaining the vehicle purchased by me which are beyond our control. For this reason, I further acknowledge and understand that any time for delivery quoted in this motor vehicle purchase contract is for informational and planning purposes only, and shall not be binding upon either of us. You will keep me informed of the progress of this transaction, and if delays may be encountered.
940 C.M.R. § 5.04(8) is as follows:
(8) It is an unfair or deceptive act or practice for a dealer to represent that a motor vehicle offered for sale can or will be delivered on or about a specified date or within a specified time period when the *101 dealer knows or should know that the vehicle cannot be delivered on such date or within such time or when the dealer has no information upon which such a representation could be reasonably based.
940 C.M.R. §5.04(9) reads:
It is an unfair or deceptive act or practice for a dealer to fail to refund the full amount of a purchaser’s deposit promptly when:
(c) The purchaser cancels the contract because the dealer had failed to deliver the vehicle to the purchaser within the time period specified in the contract, or, if no time period is specified, within eight (8) weeks after the date of the contract unless the delay is caused by acts beyond the control of the dealer and manufacturer.
The defendant’s answer alleges the plaintiff cancelled, not for non-delivery, but because of an unfavorable Consumer Report on Lincoln Continentals that caused the plaintiff to purchase a different make. In addition the defendant alleged the average time for delivery of a new vehicle was eight to six weeks.
The defendant’s affidavit accompanying its motion for summary judgment relates solely to its loss, but used different figures than agreed upon.
The plaintiffs affidavit in opposition to the motion for summaryjudgment is as follows:
1. On February 27, 1982, I entered into an Agreement with Commodore Lincoln-Mercury, Inc., the Defendant herein, concerning the purchase of a 1982 Lincoln Continental.
2. Prior to the my execution of the above Agreement, I was informed by a representative of the Defendant that the subject motor vehicle would be delivered to me within 3-4 weeks and I made it especially clear to this individual that I expected delivery of the automobile within that time period.
3. In reliance upon the representation made to me regarding the delivery of the car, I signed the aforesaid contract and gave to the Defendant the sum of $1,000.00 as a downpayment on the 1982 Lincoln Continental.
4. When I returned to the Defendant’s dealership on or about April 2, 1982, and was informed that the car had not yet been delivered, I demanded a return of my $1,000.00 downpayment because the Defendant had not met its obligations under the terms of our Agreement.
5. The Defendant refused and has since continued to refuse to return my downpayment.
Whether the plaintiff was entitled to a return of his deposit depended on whether the plaintiff properly cancelled the parties’ contract for non-delivery of the vehicle. A buyer may cancel a contract when the delivery of goods is not made within the proper time. Star Fuse Co. v. Prussian, 248 Mass. 126 (1924). The parties’ written contract, executed subsequent to the alleged oral representations of the defendant, did not specify a time for delivery. When a contract does not specify a delivery date, the delivery shall be within a reasonable time. G.L.c. 106, §2-309(i); Homer v. Baker Yacht Basin, Inc. 223 Mass. 500 (1916). What is a reasonable time is a question of fact on all the evidence. McDonald & Payne Machine Co., Inc. v. Metallic Arts of New England, Inc. 324 Mass. 353 (1949).
A party moving for summaryjudgment has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as matter of law. Community Natl. Bank v. *102 Dawes, 369 Mass. 550, 554 (1976). The movant is held to a stringent standard . . . any doubt as to the existence of a genuine issue of material fact will be resolved against (him). Because the burden is on the movant, the evidence presented ... always is construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences that can be drawn from it.’ 10A WRIGHT, MILLER AND KANE, FEDERAL PRACTICE AND PROCEDURE § 2727 at 124-125 (1983). ‘A court should not grant a party’s motion for summaryjudgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.’ Hayden v. First Natl. Bank, 595 F.2d 994, 997 (5th Cir. 1979), quoting 10 C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2725, at 514 (1973). Attorney Gen. v. Bailey, 386 Mass. 367, 370, cert. denied, 103 S. Ct. 301 (1982). Rather, ‘(t)he inference to be drawn from the burden placed on the moving party is that his failure to establish the absence of a genuine issue of material fact must, without more from his opponent, defeat his motion.’ Community Natl. Bank v. Dawes, supra. Foley v. Matulewicz, 17 Mass. App. 1004-5 (1984).
There being at least one question of fact to be determined upon all the evidence, it was error to grant the defendant’s motion for summaryjudgment.
Judgment is vacated, the motion for summaryjudgment is denied, and the action is to stand for trial.