Black, P.J.
« This is an appeal by the plaintiff, JackN. Entis, seekingjudicial review of the issuance by the defendant Brookline Rent Control'Board of a Certificate of Eviction to the defendants, Walter Kwan and Sharon Wong.
The appellate record discloses that the defendants Walter K. Kwan and *141 Sharon Wong applied for a Certificate of Eviction with respect to the premises known as Unit #1, at 11 Babcock Street, Brookline, Massachusetts, on the grounds that they sought to recover the premises for the use of his mother and father-in-law, both of whom are senior citizens. The application further stated that neither of them speaks or reads English, and consequently, required daily assistance from the defendants. Both are also retired and derive more than half their support from the defendants, Kwan and Wong. The father-in-law had a history of poor health, requiring hospitalization in 1976 for a heart condition. A hearing was held on the application on June 26, 1984, following which the Board found that the landlords sought to recover possession in good faith for use and occupancy of the landlord’s parents. A Certificate of Eviction was issued August 16,1984.
The complaint seeking judicial review was filed August 30,1984, alleging that the Board’s decision was arbitrary and capricious, unlawful and against the evidence. After hearing in the Brookline District Court, the trial judge affirmed the decision of the Board on February 22,1985. An appeal was duly taken to this court.
A Motion To Enlarge The Time For Filing of Briefs was filed April 25,1985, requesting enlargement to May 3,1985. The then Presiding Justice, sua sponte enlarged the time for filing of briefs to May 9, 1985. On May 10, 1985, the plaintiff again filed a motion for further enlargement of time for the filing of briefs to May 17,1985. That motion was allowed on May 13,1985. The plaintiff failed to file his brief within the time specified, and, in fact, nothing further was heard from the plaintiff until after the defendants Kwan and Wong filed a Motion To Dismiss Appeal And To Impose Double Costs. The defendants’ Motion to Dismiss was filed February 18,1986, and the plaintiff, on February 20,1986 filed a Motion To File Brief and Copies of Report Late, alleging that:
[I]t was agreed between counsel that this case would not be pressed until after the decision of the Appellate Division in Entis v. Brookline Rent Control Board, Appellate Division No. 400, another action between the same parties, since a decision in that case could have rendered this case moot. After the decision in that case, matters were further delayed as a result of defendants Kwan and Wong having changed counsel.
The matter was scheduled for hearing on May 9, 1986, at which time successor counsel for the defendants, Kwan and Wong, stated that he was reluctant to press his Motion to Dismiss if, in fact, an agreement existed between counsel for the plaintiff and his predecessor relative to taking no further action in this case until a decision was rendered in the companion case. (However, he also stated that he had no personal knowledge of any such agreement.) On the other hand, he stressed that the case had been allowed to drag on for an unduly long period of time, to the great detriment of his clients, and that he would waive his motion only if the case could be fully heard on the merits at that time. The court advised counsel that it was the unanimous opinion of the justices that the defendants’ Motion to Dismiss and failure of the plaintiff to comply with the court’s order to file briefs by May 17,1985, had to be addressed before there could be a full hearing on the merits. On the hearing on the Motion to Dismiss and Motions to File Brief and Copies of Report Late, nothing further of substance was offered by the plaintiff to explain the delay in filing briefs, or to take other action in the case, until February 20,1986.
The defendants’ Motion to Dismiss is allowed and the plaintiffs Motion to File Brief and Copies of Report Late is denied. There is no doubt that it is *142 desirable that cases be decided on the merits of the issues presented, rather on the failure to strictly comply with the procedural requirements, particularly where no prejudice has resulted to any of the parties (see Cape Cod Bank and Trust Company v. LeTendre, 384 Mass. 481 (1981). Nevertheless, we do not construe the LeTendre case as rendering this court powerless to reasonably impose time constraints with respect to the filing of briefs or to effectively manage the flow of cases brought before it for appellate review. Where as here, the court has endeavored to accommodate a party’s request for additional time to file briefs under Rule 64(f), not once, but twice, and that party has not only failed to comply with the court’s order but has done absolutely nothing for well over nine months, and then only in the face of a Motion To Dismiss, serious consideration must be given to dismissal of the case. The Chief Justice of the District Court Department has emphasized the importance of case flow management of cases to all District Court judges and the Supreme Judicial Court has promulgated time standards to become effective in 1988. Consequently, this court is not unmindful of the necessity for the prompt hearing and resolution of cases brought before it. While the procedural rules are not, and should not be designed as a trap for the unwary, a blatant disregard of them, even as a consequence of an agreement between counsel, cannot be condoned. Were the court powerless to act, counsel, and not the court, would have ultimate control of cases.
In this connection, we would note that based upon the affidavit filed by counsel for the plaintiff and oral argument made before this court, we find that the plaintiff has failed to establish by a fair preponderance of the evidence the existence of any agreement between counsel for the plaintiff and predecessor counsel for the defendants Kwan and Wong. In effect, we have a bare assertion by plaintiffs counsel that there was an agreement that nothing would be done in this case pending disposition of the so-called companion ' case. We have no acknowledgment from the defendants’ former counsel that such an agreement existed or even an assertion that an effort was made by the plaintiffs counsel to obtain such an acknowledgment. Parenthetically, we would also note that in the plaintiffs Motion to File Brief and Copies of Report Late, it is alleged that counsel were awaiting the outcome of another case involving the same parties, namely Entis v. Brookline Rent Control Board, 1985 Mass. App. Div. 202. This court’s decision upholding the Brookline Rent Control Board’s actions in that case was certified in October, 1985. Therefore, even in the light most favorable to the plaintiff, nothing was done for over four months following this court’s earlier opinion involving the same parties, and then only in response to the defendants’ motion. We fail to see what significance a change in counsel for the defendants could have with reference to the preparation and presentation of the plaintiffs brief. Moreover, as a practical matter, counsel for the plaintiff could have reasonably concluded that the defendants had changed counsel because they wanted action in this case and that new counsel would likely move to dismiss for failure of the plaintiff to comply with this court’s order to file briefs by May 17,1985. From the plaintiffs failure to file his brief or take any other action in this case in a timely manner, it could be reasonably inferred that the plaintiffs counsel’s . primary goal was to delay this case as long as possible in order to frustrate the landlords’ efforts to recover the premises in question. In some respects, this case is not unlike those situations where counsel has failed to file an answer or take other action mandated by the rules of civil procedure because of his belief that the case would be settled or due to some other supposed understanding with opposing counsel and then seeks to be relieved of the *143 default or other sanctions due to “excusable neglect.” We have consistently declined to grant relief in those situations. Maine Drilling & Blasting, Inc. v. Lorusso Corporation, 1986 Mass. App. Div. 20; Rogers v. Shaw, 1984 Mass. App. Div. 105; Walsh Sheet Metal Works, Inc. v. Naser, 1983 Mass. App. Div. 265; Cappuccino v. Joy Health Spa of Canton, Inc., 1983 Mass. App. Div. 117; Knapp v. Cramer, 1980 Mass. App. Div. 11; Consumer Credit Union v. Florentine, 1979-80 Mass. App. Div. 447, 449.
Quite apart from the question of the inherent power of this court to reasonably control matters brought before it, is the fact that the circumstances here presented appear to squarely fall within the scope of the LeTendre case. The delays precipitated by the plaintiffs counsel’s failure to observe the procedural rules and the orders of this court relative to filing of briefs has clearly resulted in a manifest injustice to the defendants Kwan and Wong. Based upon the findings of fact made by the Brookline Rent Control Board, the defendants Kwan and Wong seek to recover possession of Unit #1, 11 Babcock Street, Brookline, for her mother and father, both of whom are elderly senior citizens, neither of whom speaks or reads English and both of whom require daily assistance in their affairs. Sharon Wong is the only immediate family member in the Boston area and assumes the responsibility of weekly food shopping for her parents, as well as for arranging for their transportation needs, including those to doctors. Her father suffered a heart attack in 1976 and her mother suffers from arthritis. Neither is in good health. The Certificate of Eviction was granted in August, 1984-, and the defendants presumably are still denied possession of the premises two years later, at least in considerable measure due to the plaintiffs failure to diligently pursue his appeal for the better part of a year following the time set by the court for the filing of briefs. Time is clearly of the essence in this case since it deals with the possession of realty and there is obviously no way of recompensing the defendants, Kwan | and Wong for the loss of possession they have experienced.
Finally, although a full hearing on the merits has not been held, this court has reviewed the report of the trial judge and we are of the opinion that the plaintiffs appeal is without merit. In short, the Board’s decision appears to be supported by substantial evidence and without reversible error of law.
In light of the foregoing, the plaintiffs appeal is dismissed, with double costs, as prayed for by the defendants in their Motion To Dismiss.