Silva, J.
The appellate route traveled by this case was one in which the toll booth was successfully avoided. Judgment entered against the defendant on the plaintiff’s claim for services as an expert witness. Special findings of fact were made and the defendant’s requests for rulings were acted on. Claiming to be aggrieved by the court’s denial of certain numbered requests, the defendant claimed a report. On January 4,1989 the court forwarded a copy of the report, as settled, to the defendant and filed a copy with the clerk’s office.
This notice to the parties and the filing of the report with the clerk’s office triggered the fifteen day provision under Dist./Mun. Cts. R. Civ. P., Rule 64(f): “after notice of the allowance or establishment of a report, fifteen days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs unless upon good cause shown further time is allowed by the Appellate Division. The party seeldng the report shall also file within said fifteen days five additional copies of the report as allowed or established. There shall be filed with the clerk five copies of each brief together with one additional copy for each adverse party. The clerk shall upon the expiration of said fifteen days forthwith forward said reports and briefs to the *206 Presiding Justice of his Appellate Division except those filed for the adverse party, together with five copies of the docket entries in said cause.”
During this fifteen day period, an appellant who seeks to perfect his appeal must in addition to the requirements of Rule 64 pay an entry fee of $50.00. See G.L. C. 262 §2 as amended by C. 206 §16 of the Acts of 1988.
Since no additional reports, or briefs, were filed and the entry fee not paid within the fifteen day period, the matter was ripe for dismissal under rule 64(g).
The plaintiff filed a motion for dismissal, double costs and attorney’s fees and instead of merely filing the motion with the Appellate Division, the clerk forwarded all of the papers, namely, the report and the plaintiff’s copies of briefs. Since this was the defendant’s claim of report, the report should not have been forwarded, absent the filing fee and six copies of the report and brief. Friedman v. Charles, 1983 Mass. App. Div. 27; Fortier v. Coady Corp., 1984 Mass. App. Div. 266; Jack Entis v. Brookline Rent Control Board, 1986 Mass. App. Div. 140.
The appeal is dismissed with double costs to the appellee.