Forte, J.
This is an appeal by the plaintiff from the trial courf s Dist./Mun. Cts. R Civ. P., Rule 4 (j) dismissal “with prejudice” of this action in contract.
The action was commenced by complaint filed on March 23, 1989. No return of service was filed for ten months. On January 23, 1990, the court dismissed the action without prejudice pursuant to Dist./Mun. Cts. R Civ. P., Rule 4(j)-[1]
On January 25, 1990, a return of service dated January 24, 1990 was filed. The return indicated that service of process on both named defendants, Robert T. and Sandra F. Bloomenthal, had been made on January 22, 1990.
On April 25, 1990, three months later, the plaintiff filed a motion to remove the judgment of dismissal is to Robert T. Bloomenthal, and marked the motion for a May 4, 1990 hearing. In a subsequent affidavit, plaintiff s counsel indicated that the motion was thereafter taken off the list “as the parties began negotiations” and because the plaintiff had still not determined the amount of the defendant’s alleged indebtedness.
On August 21, 1991, approximately one year and three months later, the plaintiff filed a second motion to remove the dismissal as to defendant Robert T. Bloomenthal. On September 6, 1991, the plaintiff’s motion was allowed upon payment of $200.00 costs to defendanfs counsel.
The costs were not paid, and on September 25, 1991, the defendant filed a “Motion to Define Time Period.” The motion requested that the court both specify a time period for the plaintiffs compliance with the September 6, 1991 order for costs, and “order that the case will remained [sic] dismissed with prejudice unless such time period is complied with [emphasis added] .’’The motion was marked for a September 27, 1991 hearing, but later continued to October 4, 1991. Although there is no record of any notice to the plaintiff of the motion, the original hearing time or the continuance date, it is clear that notice was given. Plaintiffs counsel later averred that the plaintiff simply elected to neither oppose the defendant’s motion, nor attend the October 4, 1991 hearing.
At the October 4, 1991 hearing, the court vacated its earlier September 6, 1991 ruling and ordered the action dismissed with prejudice. Approximately three months later, on December 30, 1991, the plaintiff filed a motion to vacate the dismissal with prejudice. The court denied this motion on January 10, 1992, and the plaintiff now appeals from such ruling.
1. The plaintiffs December 30, 1991 motion to vacate should have been allowed as to that portion of the court’s October 4, 1991 order which dismissed the action “with prejudice.” Such dismissal exceeded both the courf s authority under Dist./Mun. Cts. R Civ. P., Rule 4(j) and the scope of the defendanfs motion. The court’s revocation *235 of its September 6, 1991 conditional allowance of the plaintiff s motion to vacate upon the payment of $200.00 costs could have at most effected a reinstatement of the court’s January 23, 1990 Rule 4(j) dismissal which had been properly entered without prejudice.. Rule 4(j) expressly designates the sanction for a failure to effect timely service as a dismissal “without prejudice.” Powell v. Starwalt, 866 F.2d 964 (7th cir. 1989).
Further, the courf s October 4, 1991 dismissal of the action “with prejudice” cannot be viewed as a Dist./Mun. Cts. R Civ. P., Rule 41(b) (2) order. The only matter before the court on October 4, 1991 was the defendant’s “Motion to Define [a] Time Period” for the plaintiff’s payment of the $200.00 costs. Neither the caption, nor the terms of such motion permitted it to be construed as a request for a Rule 41 (b) (2) dismissal with prejudice for the plaintiff’s failure to prosecute or comply with a specific court order. In the absence of notice to the plaintiff, who was not represented at the October 4, 1991 hearing, the defendant’s motion could not have been fairly or properly treated as a Rule 41 (b) (2) request.
2. We find no abuse of discretion, however, in that portion of the court’s October 4, 1991 orderwhich revoked its September 6, 1991 conditional allowance of theplaintiffs motion to vacate upon the payment of $200.00 costs. The imposition of such limited costs was a proper condition for the relief requested by the plaintiff, Currier v. Malden Redevelop. Auth., 16 Mass. App. Ct. 906, 907 (1983), particularly in view of the procedural chronology of the case to that date. Further, as no specific time period was designated by the court, the plaintiff was implicitly obligated to pay the costs within a “reasonable time.” See Homer v. Baker Yacht Basin, Inc., 223 Mass. 500 (1916); Alexander v. Berman, 29 Mass. App. Ct. 458, 461 (1990). No contrary inference could have been rationally drawn that the trial judge’s conditional order was an open-ended invitation to the plaintiff to vacate judgment upon the payment of costs whenever the plaintiff felt so inclined at any time in the future. Such an indefinite order would have contravened the purpose and policies of Rule 4 (j), see Wei v. State, 763 F.2d 370, 371 (9th Cir.1985), and been in disregard of the court’s inherent obligation to maintain the efficient operation of the judicial system. Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991).
Thus the court’s October 4,1991 revocation of its earlier conditional allowance of the plaintiff s motion to vacate constituted a determination that the plaintiffs failure for a full month to pay the very minimal $200.00 costs which had been imposed was a failure to make payment within a reasonable time. See Murphy v. Gilchrest Co., 310 Mass. 635, 637 (1942). Stated alternatively, the court’s response to the defendant’s motion was to define the time period as the month following the court’s conditional order. Undoubtedly reflected in the court’s ruling was the perception that the plaintiff’s inaction during the month in question was merely the culmination of the unrelieved pattern of delays engendered by the plaintiff herein.
More than three years have elapsed since the plaintiffs commencement of this action on March 23, 1989. The court’s dismissal of the action on January 23, 1990 was mandated by Dist./Mun. Cts. R. Civ. P., Rule 4 (j) on the basis of the plaintiff’s Is failure not only to effect service on the defendant within the 90 day period prescribed by Rule 4(j), but also to demonstrate good cause for such failure by filing a motion far an extension of time.[2] Shuman v. The Stanley Works, 1990 Mass. App. Div. 6, 7, aff'd 30 Mass. App. Ct. 951 (1991). Having already delayed ten months in completing service on the defendants, the plaintiff then waited more than one year and seven months *236 before actually presenting any arguments to the court for relief from the Rule 4(j) dismissal. Even then, the plaintiffs purported “good cause”[3] for its delay in effecting service was limited to the allegation that the trial court had delayed in forwarding a summons to the plaintiff. The record is devoid of any explanation for plaintiff s failure to request a Dist./Mun. Cts. R. Civ. P., Rule 6(b) extension of time for service while awaiting the court summons. See Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 649, 659 (E.D.La.1985) (failure to request such extension during the 90 day period is some evidence of counsel’s lack of diligence). Further, there was no indication of any inquiries made to the court to expedite the summons or other efforts by plaintiffs counsel.
Under such circumstances, the plaintiff should have been eager to accept the court’s September 6, 1991 exercise of its discretion, Wei v. State, supra at 371, in conditionally allowing the plaintiff s motion to vacate the Rule 4 (j) dismissal. However, the plaintiff neither moved expeditiously to make payment of the minimal costs imposed, nor demonstrated sufficient interest in its own action to appear before the court at the October 4, 1991 motion hearing. Approximately three more months elapsed before the plaintiff filed the December 30, 1991 motion to vacate at issue on this appeal.
Based on the foregoing, we find no error of law in the court’s October 4, 1991 revocation of its conditional allowance of the plaintiffs first motion to vacate, and no abuse of discretion, see Chiu-Kun Woo v. Moy, 17 Mass. App. Ct. 949 (1983); Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976), in the court’s refusal either to reinstate such conditional allowance or vacate the judgment of dismissal upon the plaintiff s December 30, 1991 motion.
Itis, therefore, ordered that the court’s October 4, 1991 dismissal of this action with prejudice is hereby vacated, and this matter is to stand as “dismissed without prejudice.”

 Rule 4 (j) of the Dist./Mun. Cts. R. Civ. P. states: “If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannotshow good cause why such service was notmade within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.’’

 Contrary to the plaintiff s contention, it was irrelevant that service had actually been made one day prior to the court’s Rule 4 (j) dismissal. Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 26 n.10 (1992). See also Geiger v. Allen, 850 F.2d 330 (7th Cir. 1)88). Such service was still made more than ten months after the filing of the complaint and thus fell far short of compliance with Rule 4 (j). Service of process not completed before the expiration of the prescribed 90 day period is not rendered timely or effective simply because it is made before the entry of a Rule 4(j) dismissal.

 A Rule 4(j) dismissal may be vacated only upon a demonstration of “good cause” for the plaintiffs delay in making service of process. Shuman v. The Stanley Works, supra, 30 Mass. App. Ct. at 953. “Good cause” has been defined as “a stringent standard requiring diligent... effort to complete service within the period prescribed by the rule... [and ] the focus of the courts inquiry is the reasonableness and diligence of counsel’s effort to effect service. Id. at 953.