Welsh, J.
This is an action of contract predicated upon a written guarantee. The amount sought was $16,260.50.
The answer denied any guarantee and asserted that if any guarantee existed its scope was limited to the difference between the deposit required by the plaintiff and that paid by the insured.
The matter was heard on cross motion for summary judgment, resulting in a judgment for the plaintiff following an assessment of damages of $16,260.50.
The report is dismissed for the essential reason that the appellant failed to pay the entry fee for the appeal. G.L.c. 262, §2, as amended, requires the payment of such an entry fee. Failure to do so requires dismissal of the appeal. McParland v. Rosencranz, 1989 Mass. App. Div. 205, 206; Ingersoll Grove Nursing Home, Inc. v. Springfield Gas & Light Co., 7 Mass. App. Ct. 864 (1979). That fee was due and payable in the 15 day interval between the judge’s allowance of the draft report and transmission to the Appellate Division. Id. at 206. See McCarthy v. O’Connor, 398 Mass. 193 (1986), wherein a delay of one day in paying docketing fee was deemed fatal.
Aside from this, the trial judge was not on this record required as a matter of law to construe the written guarantee in the light of some alleged trade custom or usage or course of dealing which was neither admitted nor agreed to implicitly or explicitly by the other party in the summary judgment materials. The misnomer issue sought to be raised bordered on the frivolous.
The report is dismissed.
So ordered.