Welsh, J.
This is a civil action in which the plaintiff seeks compensation for legal services rendered in connection with support and other matters in the Probate Court. The defendant, who was unrepresented by counsel in the trial court, filed an answer denying the claim, expressing disenchantment with various aspects of Attorney Connolly’s handling of the matters.
The court allowed a motion for summary judgment and awarded the plaintiff damages of $4,483.50 plus interest and costs. The judgment was entered on February 15, 2000 and due notice was given the parties by the clerk. By letter dated March 14, 2000, the defendant forwarded a “Motion to Appeal.” In a covering letter, the defendant made reference to G.L.c. 231, §104 which permits removal to the Superior Court following a trial in the district court in circumstances present in this case. However, the defendant appears not to have perfected her claim for removal. G.L.C. 262, §2 mandates a $100 fee for post-judgment removal to the Superior Court. See G.L.c. 231, §104, paragraph two. This requirement was not met. Nor did the defendant file an Affidavit of Indigency agreeable to G.L.c. 261, §27A-27G to obtain a waiver or substitution for the filing fee.
The issue presented by this record was whether error of law was demonstrated by the allowance by the trial judge of the motion to dismiss appeal. The record shows that the “Motion to Appeal” was denied by the judge on March 30,2000. No reason for the denial was stated by the judge. Contrary to the intimation in appellant’s brief, it does not appear that the judge’s reason for dismissal of the appeal was his perception that it lacked merit.
A further infirmity is the failure to pay the required filing fee for the appeal to the Appellate Division. Rule 3 (a), Dist./Mun. Cts. R. A. D. A. requires that a timely notice and filing fee be paid as a condition precedent for an appeal. G.L.c. 262, §2. Failure to pay the filing fee is a serious misstep, not a merely innocuous one, requiring the dismissal of the appeal. Transamerican Insurance Finance Corp. v. Watson Insurance Agency, Inc., 1994 Mass. App. Div. 243. See Ingersoll Grove Nursing Home, Inc. v. Springfield Gas Light Company, 7 Mass. App. Ct. 846 (1979). Even if the rules did not require dismissal in these circumstances, failure to properly “docket” permits the lower court to dismiss the appeal as a matter of discretion when it determines that the appeal is not meritorious. Id. at 865; Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975).[1]
No good cause was demonstrated by appellant for her failure to comply with the *295 rules for perfecting the appeal. The fact that she was unrepresented by counsel, and was not an attorney, does not justify failure to comply with rules and statutes for appeals. Colonna v. Rosenthal, 1996 Mass. App. Div. 111.
The appeal is dismissed.
So ordered.

 We reiterate that the issue of sufficiency of evidence to warrant a finding is not reviewable on appeal as a matter of right absent a proper request for ruling or a motion for involuntary dismissal under Rule 41(b)(2), Mass. R. Civ. P. See Rule 64A(b) & (c), Mass. R. Civ. P. A further infirmity is the failure to file bond as required by G.L.c. 231, §104. Such failure deprives the defendant of her right to removal of the case. See H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).