Welsh, J.
This is a summary process action in which plaintiff (landlord) seeks a judgment for possession against a commercial tenant under a written lease. By agreement of the parties, the trial was restricted in its scope solely to the issue of plaintiffs entitlement to possession. Monetary disputes between the parties arising out of the lease were by stipulation reserved for decision in an ongoing Superior Court action. The reason stated for the eviction was non-payment of rent.
The premises consist primarily of three railroad passenger cars which the defendant had operated as a restaurant and lounge under the name of Box Car Willy’s. The main issue at trial was whether the presence of asbestos, which the landlord allegedly failed to remedy, constitutes a defense to the landlord’s claim for rent thus negating the basis for eviction. The judge decided that the asbestos enclosed in the walls of the cars constituting the main portion of the restaurant and lounge did not render the premises unfit for use as a restaurant and lounge. The judge made detailed findings of fact which rendered his actions upon requests for rulings of law superfluous. See Lynn v. Nashawaty, 12 Mass. App. Ct. 310, 315 (1981). Essentially, the judge found that the presence of asbestos within the walls of the railroad cars which were the principal constituent of the restaurant and lounge did not pose an immediate threat or hazard so as to render the premises unfit for use in its intended capacity so long as the asbestos remained contained inside the walls. An expert witness who inspected the premises at the defendant’s request reached a contrary conclusion and so testified at trial. Of course, the judge was free to reject this testimony even if uncontradicted. Lenn v. Riche, 331 Mass. 104, 111 (1954).
The focus of this appeal is whether or not the judge properly dismissed the appeal by reason of appellant’s failure to pay the entry fee in a timely manner and failure to file seasonably a motion to waive appeal bond under G.L.c. 239, §5.
*183 First, the trial court had the authority to dismiss the appeal by reason of failure to comply with the statutes and the rules of appellate procedure. Associated Chiropractic Services, Inc. v. Travellers Insurance Company, 1998 Mass. App. Div. 189, 190, citing Macuica v. Papit, 31 Mass. App. Ct. 540 (1991) (courts have inherent power to dismiss an appeal for failure to take required procedural step in a timely manner); M. Perlin & J. Connors, Handbook OF Civil Procedure IN THE district COURT, 3d ed. §12.3 Cf. Whitney & Son, Inc. v. Construction Materials, Inc., 2002 Mass. App. Div. 74, 75 (holding that power to dismiss appeal is reserved to the Appellate Division.)
Secondly, failure to pay the docketing fee is a serious misstep and not merely an innocuous one. Indeed, some justices of the Appellate Division aptly observed failure to pay the fee prevents the case from even reaching the Appellate Division for consideration. McParland v. Rosencranz, 1989 Mass. App. Div. 294; McCarthy v. O’Connor, 398 Mass. 193, 197 (1986) (payment of docket fee one day late, in combination with other failures, held sufficiently significant to merit dismissal of appeal); Transamerican Insurance Finance Corp. v. Watson Ins. Agency, Inc., 1994 Mass. App. Div. 243. Payment of the fee or the disclosure of authority to be exempted from payment of the fee within the required time is essential to the right of appeal. Westinghouse Electric Supply Co. v. Heating Corp., 5 Mass. App. Ct. 43, 57-58 (1977).
Third, the appellant was a day late in filing a motion to request waiver of appeal bond required by G.L.c. 239, §5. Strict adherence to the time limitations for claiming and perfecting an appeal is required. Liberty Mobilhome Sales, Inc. v. Bernard, 6 Mass. App. Ct. 914 (1978); Jones v. Mann, 33 Mass. App Ct. 485, 488-489 (1992). See Hodges v. Klug, 33 Mass. App. Ct. 746, 757 (1992). Compliance with the time strictures is jurisdictional in nature. Jones v. Mann, supra at 489.
Finally, to the extent that judicial discretion may afford relief to a party for failure to comply with the time requirements of the Rules & Appellate Procedures, we perceive no abuse of discretion.[2] Rule 14(b), Dist./Mun. Cts. R. A. D. A. permits either the trial court or the appellate division to relieve a party of the consequences of certain failures to meet procedural deadlines imposed by the Rules.
However, in construing Rule 14, Mass. R A R, which is a cognate of Rule 14, Dist./Mun. Cts. R.AD.A and is virtually identical in all material respects, the Appeals Court held in cases of motions to appeal late, excepting cases in which the failure to claim the appeal in a timely fashion or to pay the docket fee was engendered by failure to receive notice of the judgment (no such contention is made here), a showing of meritorious defense is required. Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). We recognize that appellant need not demonstrate a defense that must perforce succeed; all that is required is a showing of one worthy of judicial investigation. Medford Red Cab, Inc. v. Duncan, 341 Mass. 708, 709 (1961). Here, the whole posture of the defense offered against this eviction action based upon non-payment of rent is the presence of asbestos and its alleged deleterious effect on the use of the premises as a restaurant and lounge. Here, the judge found that the presence of asbestos in the walls of the railroad cars comprising the major portion of the restaurant did not interfere with the use of the premises as a restaurant and lounge. It cannot be said that this conclusion of fact was “clearly erroneous.” The tenant had the burden of proof on this issue. Rarely can it be said that one having the burden of proof on a matter dependent on oral testimony is entitled to prevail as a matter of law. See Casey v. Gallagher, 326 Mass. 746, 748 (1951); Howard v. Malden Savings Bank, 300 Mass. 208, 211 (1938); Hoffman v. Chelsea, 315 *184 Mass. 54, 56 (1943). There were no binding admissions or other special circumstances that would take the case out of the general rule. This finding negates the entire defense mustered in this case, thus eliminating the essential factual foundation in opposition proffered by the defendant. As previously stated, the judge was not compelled to find that this defense was established. Bereft of this factual support, the case is straightforward; the landlord seeks possession based upon the tenant’s unjustified failure or refusal to pay rent. The judgment in the landlord’s favor is the natural and expected consequence.
The court correctly concluded that the penal sum of the bond is not limited solely to rent/use and occupancy damages, but extends to other economic losses occasioned by the tenant remaining in possession of the premises. See Busy Bee Confectionery Co. v. Broadway National Bank, 258 Mass. 360, 365 (1927) (increased labor and material costs incurred by landlord by reason of failure to vacate a proper element in determining the damages in an action upon a summary process bond); Binder v. Harris, 267 Mass. 162, 165 (1929) (loss of higher monthly rental occasioned by tenant’s holding over correctly included as an element of damage in actions on summary process bond). The tenant did not satisfy the requirements by offering a nominal bond, even though the monetary obligations by stipulation of the parties were to be determined in the Superior Court action.
The action for possession is not moot as appellant alleges. Since the issue of entitlement for possession will be afforded, subject to the usual rules, preclusive effect in the action pending in the Superior Court, the plaintiff is entitled to the fruits garnered by the judgment. Mootness occurs when a party no longer has a stake in the outcome. See Acting Superintendent of Bournewood Hospital v. Baker, 431 Mass. 101, 103 (2000). Certainly, the determination of the landlord’s entitlement to possession in a commercial lease running to 2006 is important as a binding declaration of the landlord’s’s right to reenter and take possession of the premises without interference from the tenant and possibly to rent to others. This is not an ethereal or ephemeral right; it is a real and valuable one entitled to preclusive effect as to several of the factual issues in the yet-pending Superior Court action. After a three-day trial and extensive post trial proceedings dealing with the appellate process, it is somewhat disingenuous to suggest that this matter is now moot.
There being no prejudicial error, it is ordered that the appeal be dismissed.

 We recognize that failure on the part of a judge to exercise discretion based upon a misconception that he had no discretion is error. See Crenshaw v. Macklin, 430 Mass. 633, 636 (2000); Lonergan v. Gillen, 57 Mass. App. Ct. 747, 749 (2003).