Merrick, J.
The plaintiffs appeal was dismissed by the court after it had been pending for more than two years. The plaintiff has appealed that dismissal. We affirm the dismissal.
Plaintiff Gary Tavares (‘Tavares”) brought this action in 2005 to recover a deposit he had made under an agreement to purchase real estate from the defendant, Mashpee 130 Shops, Inc. (“Mashpee”). The principal issue was whether Tavares had used sufficiently diligent efforts to obtain permits so as to be entitled to the return of his deposit. After a jury-waived trial held over several days in both the Falmouth and Wareham District Courts, a judgment in favor of Mashpee was entered on January 10, 2007. Tavares filed a notice of appeal of that judgment on January 17, 2007.
After the time had expired for Tavares to select and proceed in accordance with any method of appeal to this Appellate Division, under Rules 8A, 8B, or 8C of the Dist./Mun. Cts. R. A. D. A., Mashpee properly moved for dismissal of the appeal. Tavares countered with a motion for additional time to file an “appeal on the record of proceedings,” a single-page document that consists of only a single line stating that Tavares would proceed under Rule 8C. On March 20, 2007, Mashpee’s motion to dismiss was denied, and Tavares was granted leave to submit a late Rule 8C designation.
The transcript prepared from the trial tapes obtained by Tavares from the Falmouth District Court was filed in Falmouth on April 26, 2007, and the clerk immediately notified the parties in compliance with Rule 8C(g). But it was then discovered that the transcript did not include testimony taken on one of the trial days in Wareham. Tavares ordered the one-day recording directly from the Wareham District Court, and filed a motion in Falmouth for a stay of the appeal. A motion judge (not the trial judge) granted the stay on May 31, 2007.
*228 Although the Wareham recording was of only a single day of trial, it took Tavares almost three months, until August 28, 2007, to notify the court that the new transcript prepared from that recording was also incomplete. On the same day, the motion judge, apparently sua sponte in response to an inquiry through the clerk as to the status of the stay, ordered that the stay granted on May 31, 2007 was to remain in effect “until the entire transcript is received and transcribed by counsel.” As indicated on the trial court docket, there was no further activity in the case until Mashpee filed another motion to dismiss Tavares’ appeal on November 19,2008. By that date, almost one and one-half years had elapsed since the stay of appeal had been ordered.
Consideration of Mashpee’s November 19,2008 motion to dismiss the appeal was continued for nearly two months to January 12, 2009. After a hearing on that date, a second motion judge issued a memorandum of decision dismissing Tavares’ appeal. As noted, Tavares filed this appeal of the January 12, 2009 dismissal order.
The only evidence missing from the trial recording Tavares obtained from the Wareham District Court was a portion of the testimony of Tavares’ expert, Doug Bill (“Bill”). Counsel for both parties engaged in a series of correspondence over a fourteen-month period to reach an agreement as to the missing fragment of Bill’s testimony. Tavares’ attorney claimed that Mashpee’s counsel was not cooperative. Mashpee’s counsel protested that Tavares’ counsel was proposing statements of testimony that had never been given, and was needlessly delaying the appeal.
It is important to note that the disputed portion of Bill’s testimony was entirely unrelated to anything substantive, relevant, or based on Bill’s expertise. Indeed, Tavares needlessly delayed perfecting his appeal by demanding to include in the record nothing more than Bill’s testimony about a statement made to Bill by Tavares himself about a statement made to Tavares by someone employed by the town of Mashpee about whether the project was not subject to review by the Cape Cod Commission.[3] Tavares’ own testimony was recorded and was the best evidence of any statements made to him by the town of Mashpee, assuming they were otherwise admissible. Tavares’ statement to Bill on the subject would not have been admissible to prove either an exemption from review by the Cape Cod Commission, or the source and content of a communication by a third party to Tavares.
Tavares could have secured the inclusion of Bill’s testimony, however irrelevant, in the record appendix and proceeded with his appeal if he had taken any reasonably prompt or diligent action to resolve the impasse between the parties’ attorneys. Logically, if the parties could not agree, the next step should have been to submit the parties’ varying statements of Bill’s testimony to the trial judge. One procedure *229 for such settlement by the trial judge is, in fact, set forth in Rule 8C(e),[4] the method of appeal chosen by Tavares, and is nearly identical to a settlement procedure in Mass. R. A. R, Rule 8(c) for appeals to the Appeals Court and Supreme Judicial Court. The specified process is straightforward and pragmatic, requiring the appellant to submit his statement of the evidence, prepared from the best source available to him, including his own recollection, together with the opposing party’s objections and proposed amendments, to the trial court for settlement.[5] Alternatively, Tavares might have proceeded under Rule 8C(f), captioned “Correction or Modification of the Record,” that states, in relevant part, that “[i]f anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation or the trial court or the Appellate Division... may direct that the omission or misstatement be corrected.” Although Tavares had both his own attorney’s proposed statement of the missing testimony and Mashpee’s counsel's objections, he failed to submit them to the trial court for settlement or to take any action to resolve this impediment to the perfection of his appeal. His inaction continued even during the two months that elapsed between the filing and hearing of Mashpee’s ultimately successful motion to dismiss his appeal.
Tavares’ argument that the court could not dismiss his appeal while the stay was in effect suggests a misunderstanding about not only the stay, but Tavares’ duties as the appellant in this case. The stay was merely a form of an extension of time, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 14(b), for Tavares to do what was necessary to complete the record and perfect his appeal. The granting of a stay, or a Rule 14(b) extension of time, rests within the discretion of the motion judge. Christmas Crossing, Inc. v. Box Car Willy’s, Inc., 2003 Mass. App. Div. 182, 183. While the duration of the stay was not specified, the court’s order can be construed only as an extension for a “reasonable time.” See Bank of Boston v. Bloomenthal, 1992 Mass. App. Div. 234, 235. Further, however indefinite it was, the stay did not release *230 Tavares from his obligation to expedite the appeal while the stay was in effect. “It is the appellant's responsibility to have the transcript prepared, and to include in the appendix an accurate and complete trial record upon which the issues presented on appeal may be satisfactorily reviewed.” Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68, citing, inter alia, Shawmut Community Bank, N.A. v. Zagami, 411 Mass. 807, 811 (1992). “[T]he responsibility for expediting appeals is ‘squarely on the appellant.’” McCarthy v. O’Connor, 398 Mass. 193, 199 (1986), quoting Mailer v. Mailer, 387 Mass. 401, 407 (1982).
Mashpee’s motion to dismiss Tavares’ appeal was addressed to the second motion judge’s discretion. See Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99; Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. It was within the permissible purview of that discretion for the second motion judge to reconsider and, in allowing the dismissal motion, effectively terminate the stay of appeal allowed one and one-half years earlier. Given the length of Tavares’ delay, the absence of any effort by him to submit the dispute over the missing portion of Bill’s testimony to the trial judge or the Appellate Division, and the collateral nature and borderline admissibility of that testimony that Tavares claimed was necessary to his appeal, we cannot say that the second motion judge abused his discretion in allowing Mashpee’s motion to dismiss Tavares’ appeal. See Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002).
Finally, Tavares argues that the appeal should not have been dismissed because 1) the delay was also caused by Mashpee’s lack of cooperation, and 2) the motion judge should have referred the dispute about the trial testimony to the trial judge. The answer to both these arguments is the same. Tavares cannot impose upon others either his own obligations as appellant, or his own failure, to perfect his appeal with reasonable dispatch.
The allowance of the defendant’s motion to dismiss the plaintiffs appeal is affirmed.
So ordered.

 The letters between counsel after the stay variously asserted that Tavares told Bill he had a letter, never produced at trial, to the effect that the project was not subject to Cape Cod Commission review; that Tavares told Bill he had a written telephone message from his secretary about a call from the town to Mashpee to that effect; or that Tavares told Bill that he had had a conversation with a town of Mashpee employee to that effect. Any one of these proposed statements of “totem pole” hearsay should have been excluded, would have been, at best, of marginal and circumscribed probity, and of very limited, if any, relevance to Tavares’ appeal.

 Rule 8C(e) states: “Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within thirty days after the Appeal on the Record of Proceedings is filed, file a statement of the evidence or proceedings from the best available means, including his or her recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the trial court for settlement and approval and as settled and approved shall be included in the case file and, as necessary, included in the appellant’s appendix to the brief.”

 Rule 8C(e) requires that the opposing materials be submitted to the trial judge within 30 days of the filing of the appellant’s appeal on the record of proceedings. The reason is that in most cases, the unavailability of a report or transcript is known to the parties at the commencement of the appeal. While Tavares became aware of Bill’s missing testimony at a later stage in the Rule 8C process, nothing in the rule would have prevented his submission of the contested testimony to the trial judge under this rule or, as indicated below, under Rule 8C(f).