JOHN McLAUGHLIN *vs.* CGU INSURANCE COMPANY.

Norfolk. November 9, 2005. - January 19, 2006.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Civil,* Summary judgment. *Evidence,* Business record. *Insurance,* Motor vehicle insurance, Cancellation.

In an insurance coverage dispute brought by a plaintiff who had suffered injuries as a consequence of being struck by a vehicle owned and operated by an individual insured by the defendant insurer, the judge hearing the parties' cross motions for summary judgment erred by refusing to consider certain records offered by the defendant to demonstrate that it had canceled the driver's insurance policy prior to the accident and thus had no duty to indemnify him, where the affidavits to which the records were attached plainly established that the records satisfied the foundational requirements of the business records exception to the rule against hearsay [818-820]; further, once admissible, the records created a disputed issue of material fact sufficient to defeat summary judgment for the plaintiff but not, however, sufficient to allow the grant of summary judgment in favor of the insurer [820].

CIVIL ACTION commenced in the Superior Court Department on December 6, 2001.

The case was heard by *Isaac Borenstein,* J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Clyde K. Hanyen, Jr.,* for the defendant.

*Eric S. Kupperstein* for the plaintiff.

CORDY, J. CGU Insurance Company (CGU) appealed from the entry of summary judgment for the plaintiff, John McLaughlin, requiring it to pay damages for injuries the plaintiff suffered as a consequence of being struck by a vehicle owned and driven by CGU's insured on October 3, 2000. In its defense, CGU asserted that it had cancelled the driver's insurance policy prior to the accident and thus had no duty to indemnify him. It filed its own motion for summary judgment on this ground, which was

denied. Together, the rulings on the motions for summary judgment are the subject of this appeal.

The issue on summary judgment was whether CGU's cancellation was effective under G. L. c. 175, § 113A, the statutory provision that provides the requirements for "cancellation of coverage of a motor vehicle liability policy." In order to cancel a motor vehicle policy (in this instance for nonpayment of the premium), an insurer is required to deliver certain forms of notice, first to the insured and then to the registrar of motor vehicles (registrar). CGU produced evidence sufficient to establish that proper and timely notice under the statute had been given to the insured, informing him that his policy would be cancelled effective September 17, 2000. Summary judgment thus turned on whether CGU could produce evidence that it had provided the registrar with sufficient notice of the cancellation to make it effective.[1] A judge in the Superior Court concluded that CGU had not produced competent evidence that the registrar timely had been sent the required notice, and thus entered judgment in favor of McLaughlin. That judgment was affirmed by the Appeals Court in an unpublished memorandum and order pursuant to its rule 1:28. *McLaughlin* v. *CGU Ins. Co.*, 61 Mass. App. Ct. 1115 (2004). We granted CGU's application for further appellate review.

We conclude that the affidavits submitted by CGU in connection with the summary judgment motions, attaching computer printouts from its own records and the records of the registrar indicating that notice had been transferred in electronic form from CGU to the registrar by September 20, 2000 (which would have been timely), created a disputed issue of material fact sufficient to defeat summary judgment for McLaughlin. They were not, however, sufficient to allow summary judgment to be entered for CGU. Consequently, summary judgment for McLaughlin is vacated and the denial of CGU's motion is affirmed.

1. *Background.* The procedural history of the case, prior to

---

[1] General Laws c. 175, § 113A (2), requires that "cancellation shall not become effective unless the company . . . immediately upon the intended effective date of the cancellation of the policy . . . forwarded to the registrar of motor vehicles a notice, in such form as he may prescribe, containing such information to apprise the registrar of the particular motor vehicle registration on which the insurance is intended to be cancelled."

the judge's ruling on the cross motions for summary judgment, is not germane to our decision. On April 22, 2003, CGU's motion for summary judgment was denied based on the motion judge's finding that "[t]here remain facts in dispute about whether policy cancellation notice was sent to [the registrar] in a timely manner." On the same date, the judge denied McLaughlin's motion for summary judgment without prejudice and further ruled that he would allow the motion "if by no later than 6/18/03 the defendant [CGU] is unable to produce evidence of the date that notice of cancellation was sent to [the registrar]." In response to the judge's ruling on McLaughlin's motion for summary judgment, CGU submitted two additional affidavits: the first from an employee of the successor company to CGU, holding the title of territorial manager of underwriting for personal lines; and the second, from the general counsel for the registry of motor vehicles.

The affidavit filed by the manager set forth his current responsibilities which included "oversight of the issuance and cancellation of personal passenger automobile policies in the Commonwealth of Massachusetts." He described CGU's automated record keeping system, and the manner in which cancellation notices to insureds and the registrar are generated, processed, and recorded at the time they are issued. He also averred to his familiarity with the "policies and procedures established by the Registry of Motor Vehicles . . . as they existed at the time of the cancellation of [the driver's] automobile insurance policy," and attached a copy of the manual issued by the registrar describing the approved methods by which information, including information concerning the cancellation of such policies, was to be processed and communicated to it. The approved method used by CGU to communicate information to the registrar (including notices of cancellation) was to create a magnetic tape of each day's transactions, and deliver it by courier to the registrar along with a blank magnetic tape. The blank tape would be used by the registrar to create an electronic receipt recording all of the transactions (relating to CGU's customers) that it had processed after receiving the data on CGU's magnetic tape. This electronic receipt would then be returned by the registrar to CGU so that the registrar's record of

processing the transactions could be transferred to CGU's computers. This was the method utilized to communicate the cancellation of the driver's policy to the registrar in this case. The manager also described the detailed electronic history kept by CGU of each of its insureds, and how that information could be retrieved from CGU's electronic records and printed. Finally, he attached to the affidavit a computer printout of the detailed history of the driver's policy which showed "that the cancellation was processed by the Registry on September 19, 2000, accepted by it and confirmed to [CGU] on September 21, 2000."

The affidavit filed by the general counsel for the registry averred that the "records [it] kept in the normal and ordinary course of business indicate receipt of an automobile insurance policy cancellation for [the driver], on or about September of 2000," and more particularly that the "Registry of Motor Vehicles' electronic records indicate an automobile insurance policy cancellation being forwarded by [CGU] to [it] on September 20, 2000, with an automobile cancellation effective September 17, 2000." Attached to the affidavit was a computer printout of the registrar's record of the policy history of the driver showing the policy to have been cancelled effective September 17, 2000.

2. *Discussion.* Summary judgment may enter if the pleadings and other discovery, together with affidavits, illustrate that "there is no genuine issue as to any material fact." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). A party moving for summary judgment in a case in which the opposing party has the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to pleadings, other discovery or affidavits, unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). CGU argues that the judge erred by refusing to consider the affidavits and attached computer printouts as a sufficient demonstration that it will be able to prove an essential element of its case. We agree.

In allowing McLaughlin's motion for summary judgment, the judge disregarded the affidavits submitted by CGU (and thereby disregarded the impact of the attached computer records)

because in his view the affiants did not have personal knowledge of the sending or the receipt of the cancellation notice, at the time it was allegedly processed.[2] The computer records of both CGU and the registrar, however, are admissible under the business records exception to the hearsay rule, G. L. c. 233, § 78, if they were "(1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) [it was] the regular course of business to make the record at or about the time of the transaction or occurrences recorded." *Beal Bank, SSB* v. *Eurich,* 444 Mass. 813, 815 (2005). The affidavits plainly establish that the records satisfy these foundational requirements.

The business records exception statute makes it clear that the personal knowledge of the entrant or maker of a record is a matter affecting the weight rather than the admissibility of the record. *Id.* at 815-816, and cases cited. The foundation for the admissibility of a business record does not need to be established through the testimony of the preparer nor, in this case, the transmitter of the record. See *id.* at 818-819; *United States* v. *Moore,* 923 F.2d 910, 915 (1st Cir. 1991). It is also established that G. L. c. 233 § 78, "should be interpreted liberally to permit the receipt of relevant evidence." *Wingate* v. *Emery Air Freight Corp.,* 11 Mass. App. Ct. 982, 983 (1981), *S.C.,* 385 Mass. 402, 406 (1982) (holding that personal knowledge affects only weight of business records evidence not the admissibility).

In *Beal Bank, SSB* v. *Eurich, supra,* we dealt with the admissibility of the computer printouts of a customer's loan account, which showed a deficiency due the bank. The records were generated by a company that serviced loans for the bank. We concluded that the records were admissible as business records even though no witness from the loan servicing company nor the bank testified that he or she had personal knowledge regarding the preparation or maintenance of the account records at

---

[2]In affirming summary judgment, the Appeals Court also concluded in its unpublished memorandum that the "affidavits are hearsay and do not contain any information from any individual who can establish that the magnetic computer tape was received on the date of cancellation or that if it was received whether the registry downloaded the information off the tape into its computers."

issue. The records were admissible as business records based on testimony that the servicing company had an obligation to maintain the records, and that the bank relied on them. The affidavits in this case provide a similarly sufficient (if not stronger) basis on which to support the admission of the computer printouts as business records. See *Federal Deposit Ins. Corp.* v. *Patel*, 46 F.3d 482, 484 (5th Cir. 1995) (finding that former bank employee and bank loan officer had sufficient personal knowledge of bank procedures and computer record keeping information that their affidavits were admissible under business records exception and admissible as proper summary judgment evidence). They establish that the CGU and registrar records were made in good faith, made and kept in the ordinary course of business, made before the litigation began, and that it was the regular course of their businesses to make such records at the time of the occurrence recorded. They also establish that the records were required to be kept and were relied on by both. Thus, the records are admissible and may be considered as evidence of the facts stated therein. G. L. c. 233, § 78.

Viewing the record in this light, summary judgment for McLaughlin should not have been granted. Having concluded that the records are admissible, they do not foreclose the presence of a dispute as to whether notice was timely given. The motion judge denied CGU's motion for summary judgment on this issue. There was evidence presented by McLaughlin that when he sought personal injury protection benefits from CGU, CGU forwarded the appropriate forms to him and never informed him that the driver's insurance policy had been cancelled. These facts are sufficient to constitute a dispute regarding whether the computer records of CGU and the registrar accurately reflect that the cancellation notice was timely sent and processed. Consequently, CGU's motion for summary judgment was properly denied.

3. *Conclusion.* Summary judgment for McLaughlin is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*