Coven, J.
In this expedited appeal, we consider whether summary judgment was properly entered for the defendant on the plaintiff’s claim for personal injury protection (“PIP”) benefits associated with the plaintiffs treatment of the defendant’s insured for injuries arising out of an automobile accident.
We deal briefly with the plaintiff’s claim that the defendant’s affidavit in support of the motion for summary judgment should have been stricken as well as certain exhibits. The plaintiff argues that, because the defendant objected to its request for the production of “all claim activity records and logs” relating to this claim, stating that the request sought “documents which are privileged and would constitute defendant's work product,” the documents attached to the defendant’s affidavit in support of the motion for summary judgment should have been stricken. In support of the argument, the plaintiff states the principle that if a party asserts a privilege during discovery, the privileged information may not be used at trial. G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 270-271 (1991).
We need not decide the application of this principle to the facts of this case. Even if we were to agree with the plaintiff, its responses to interrogatories would remain as an exhibit. They were not sought to be excluded as part of the defendant’s evi *261 dence in support of summary judgment.[1] The plaintiff, in answers to interrogatories, acknowledged that its patient, the defendant’s insured, maintained health insurance during the treatment period. Therefore, there is no dispute that the defendant paid the plaintiff $2,000.00 in benefits. Nor is there a dispute that the defendant’s insured maintained private health insurance.
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to a judgment as a matter of law. Mass. R. Civ. R, Rule 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond with evidence establishing the existence of a genuine issue of material fact. Id.
General Laws c. 90, §34A, ninth par., provides in relevant part:
[Pjersonal injury protection provisions shall not provide for payment of more than two thousand dollars [$2,000.00] of expenses incurred within two years from the date of accident ... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance....
In addition, the Massachusetts automobile insurance policy, seventh edition, issued to the plaintiff’s patient (defendant’s insured), provides in relevant part:
Compulsory Insurance
Part 2. Personal Iniurv Protection
Some people have a policy of health, sickness, or disability insurance or a contract or agreement with a group, organization!,] partnership or corporation to provide, pay for, or reimburse the cost of medical expenses (“health plan”). If so, we will pay up to $2,000 of medical expenses for any injured person. We will also pay medical expenses in excess of $2,000 for such injured person which will not be paid by a health plan. Medical expenses must be submitted to the health plan to determine what the health plan will pay before we pay benefits in excess of $2,000 under this Part.
Neither by statute nor insurance contract is it made certain who bears the burden of submitting claims for payment to a private medical insurer, where an insured, who has private medical insurance, is seeking further compensation under the PIP benefits provision of the motor vehicle liability policy.[2] Mejia v. American Cas. Co., 55 Mass. App. Ct. 461 (2002) informs the answer.
*262 In Mejia, the plaintiffs were reimbursed for the first $2,000.00 of their medical bills under the PIP benefits section of a motor vehicle liability policy. Thereafter, the plaintiffs sought coverage by submitting additional medical bills under the optional medical payments ("MEDPAY”) part of the policy by submitting bills to the defendant who had issued the liability policy. The defendant informed the plaintiffs that before any additional reimbursement would be considered, they were first required to submit these bills to their health insurers. If their health insurers did not pay then-bills, then further reimbursement would be considered. Id. at 461462.
At issue in Mejia was whether the language of the MEDPAY section was to be interpreted as an unconditional obligation to pay the plaintiffs’ medical costs. The Appeals Court, reading the contract as a whole, determined that “when PIP coverage is available, payment under PIP is to precede any payments under MEDPAY. The availability of PIP in turn depends upon whether the claimant has health insurance for the medical service which was provided.” Id. at 466. The Appeals Court continued:
Thus, in the matter at hand, after [the plaintiffs] had each received $2,000 of PIP benefits for medical expenses, the plaintiffs were required to send their bills for additional medical expenses to their health insurers. If the health insurers refused coverage, the plaintiffs were then required to send the bills to the automobile insurer for consideration under the PIP coverage of the policy.... As the plaintiffs failed to submit their claims in this fashion, it was not improper for the defendant to refuse to pay them (emphasis added).
Id. See also Advanced Spine Ctrs., Inc. v. Amica Mut. Ins. Co., 2008 Mass. App. Div._.
In this case, there is no evidence that the plaintiff, asserting the contractual rights of the defendant’s insured, followed the procedure outlined in Mejia. There was therefore no error in the trial judge’s allowance of summary judgment.
Judgment affirmed.
Appeal dismissed.
So ordered.

 Because the plaintiff did not seek the exclusion of this exhibit, we need not address its contention that this record was not a record kept by the defendant in the ordinary course of business. Cf. Beal Bank, SSB v. Enrich, 444 Mass. 813, 815-816 (2005). Nor need we decide whether the record was properly certified pursuant to Mass. R Civ. R, Rule 56(e).

 Moreover, in this case, it is the insured’s treating medical provider who is directly seeking the PIP benefit Nevertheless, pursuant to G.L.c. 90, §34M, fourth par., the plaintiff in this case is deemed a party to the motor vehicle liability policy and, as such, is in no different position vis-a-vis a relationship with the defendant than that of its patient