Hand, J.
Plaintiff Citibank (South Dakota) NA (“Citibank”) filed this suit against defendant Steven Surabian (“Surabian”) to recover an alleged credit card debt.
Surabian filed a timely answer and, in due course, the case was assigned a September 27,2010 trial date. On September 14, 2010, Citibank filed a Mass. R. Civ. P., Rule 56, motion for summary judgment, attaching in support of the motion an unsigned affidavit of a Citibank agent and requesting a hearing date of September 21, 2010, seven days later. Citibank had served Surabian with a copy of the motion, including the unsigned affidavit, on or about September 10,2010. On September 16, 2010, Surabian filed his opposition to Citibank’s summary judgment motion.
On September 21, 2010, Surabian and counsel for Citibank appeared in court for the Rule 56 motion hearing. Based on the fact that Citibank had not yet provided a signed copy of its supporting affidavit, Surabian objected to the court’s even hearing the summary judgment motion. The court responded by continuing the hearing for another week, to September 27,2010. On September 24,2010, Citibank filed with the court a signed copy of the same affidavit originally filed with its motion for summary judgment. Citibank’s counsel handed Surabian a signed copy of the affidavit on the morning of September 27, 2010, immediately prior to the motion hearing. Surabian argued at the hearing that Citibank’s motion should be dismissed with prejudice based on the fact that Citibank failed to provide a complete motion — that is, a motion supported by a signed affidavit — to him within the time specified by Rule 56 or Rule 9A of the Rules of the Superior Court. There is no indication in the record, however, that Surabian moved at any point for additional time to prepare his opposition, see Rule 56(f),[2] or identified to the court any way in which he was prejudiced by Citibank’s failure to provide the signed form of the affidavit in advance of the second hearing date. The trial judge overruled Surabian’s objections on these notice-based grounds, heard argument from both parties on the merits of the motion, and *46 allowed Citibank’s motion. Summary judgment was entered for Citibank on September 28, 2010.
On October 7,2010, Surabian filed a motion for reconsideration “pursuant to Rule 9D” of the Rules of the Superior Court, which was inapplicable. The court denied the motion on December 6, 2010.
On December 15, 2010, Surabian filed a notice of appeal of the allowance of Citibank’s summary judgment motion, with the proper filing fee. Surabian did not, however, take any of the mandatory additional procedural steps to perfect that appeal to this Division in compliance with the requirements of Rule 8A, Rule 8B, or Rule 8C of the Dist./Mun. Cts. R. A. D. A.
On September 26, 2011, more than nine months after his notice of appeal, Surabian filed a motion to vacate the judgment and to stay execution pending appeal. In a memorandum of decision docketed on October 18, 2011, the court denied Surabian’s motion and dismissed his noncomplying, unperfected appeal of the allowance of summary judgment for Citibank.
On October 26, 2011, Surabian filed another “notice of appeal.” Read in the light most favorable to him, that notice indicated Surabian’s intent to appeal (1) the September 28, 2010 allowance of Citibank’s summary judgment motion; (2) the October 13, 2011 dismissal of Surabian’s original appeal; and (3) the October 13, 2011 denial of his motions to vacate judgment and to stay proceedings. Surabian’s notice of appeal was followed, on November 8, 2011, by a timely Rule 8C “Appeal on the Record of Proceedings.”
1. As Surabian failed to file timely, or perfect, an appeal of the allowance of Citibank’s summary judgment motion, he forfeited appellate review of that ruling.
First, it is clear that Surabian’s October 26,2011 notice of appeal was filed too late to commence an effective appeal to this Division of the trial court’s September 28, 2010 summary judgment. Rule 3 of the Dist./Mun. Cts. R. A. D. A. mandates that an appeal to the Appellate Division “shall be taken by filing a notice of appeal together with the filing fee required by law with the clerk of the trial court within the time allowed by Rule 4.” Rule 4(a), in turn, requires that the required notice of appeal “shall be filed with the clerk of the trial court within ten days after the date of the entry of the judgment in the case being appealed.” Plavin v. Lutts, 2000 Mass. App. Div. 58, 59. Surabian’s October 26,2011 notice of appeal was filed more than one year after the entry of summary judgment for Citibank in this case. Even assuming arguendo that Surabian’s motion for reconsideration could be considered to have tolled the ten-day notice of appeal period under Rule 4(a),[3] that motion was denied on December 6, 2010. Surabian’s October 26, 2011 notice of appeal, filed more than ten months after the denial of reconsideration, was not a timely notice that could have commenced an appeal to this Division of the issue of summary judgment. It is *47 elementary that a party’s right to appellate review hinges on strict adherence to appellate procedural rules. Cusick v. Carver, 2005 Mass. App. Div. 45 n.3.
No extension of the Rule 4(a) ten-day deadline pursuant to Rule 4(c) or Rule 14(b) was sought by Surabian to permit the late filing of his October 26, 2011 notice of appeal of summary judgment. In any event, relief under either of those rules could not have been granted. Rule 4(c) expressly provides that “in no event shall the court permit the filing of a notice of appeal later than 180 days after entry of the judgment or post-judgment order of which appeal is sought.” Similarly, Rule 14(b) states that the “time for filing a notice of appeal may not be enlarged beyond 180 days from the date of entry of the judgment or order sought to be reviewed.” See generally Lashus v. Slater, 2009 Mass. App. Div. 89, 90 n.4. As Surabian’s October 26, 2011 was filed more than 180 days after both summary judgment and the denial of his motion for reconsideration in this case, neither the trial court, nor this Division, was empowered to extend the time to permit the late filing of that notice.
2. Surabian’s initial notice of appeal was filed on December 15,2010, within ten days of the denial of his motion for reconsideration under Superior Court Rule 9D. As the motion judge correctly noted, Rule 9D was inapplicable in this District Court case. Further, Surabian’s reconsideration motion was not one of the motions listed in Rule 4(a) that would toll the time for filing a notice of appeal.[4] Thus, Surabian’s December 15,2010 was untimely, and did not properly commence an appeal to this Division.
In any event, even if Surabian’s notice of appeal had been timely, the fatal procedural flaw in Surabian’s original appeal of summary judgment is that after filing that December 15, 2010 notice of appeal, he failed to take any of the mandatory procedural steps required to perfect that appeal. There was no error, therefore, in the trial judge’s sua sponte dismissal of Surabian’s appeal of the allowance of Citibank’s summary judgment motion. See generally Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002) (trial judge has inherent authority to dismiss sua sponte noncomplying appeal); Signature Flight Support Corp. v. Global NAPs Realty, Inc., 2005 Mass. App. Div. 24, 26 (same).
Specifically, Surabian failed to make a timely selection of a method of appeal under Rule 8A, Rule 8B, or Rule 8C of the Dist./Mun. Cts. R. A. D. A., and to comply with the requirements specified thereunder. Rathman v. Begley, 2000 Mass. App. Div. 280, 283. As Surabian did not prepare, file, and serve a Rule 8A expedited appeal record or a Rule 8B agreed statement of the case, he would have been compelled to proceed *48 under Rule 8C. But Surabian failed to file an “appeal on the record of proceedings” designating his selection of the Rule 8C appeal method either by January 14, 2011, that is, within the thirty-day period mandated by Rule 8C(b), or even at any time prior to his filing the motion for a stay. It is established that the failure to file a timely appeal on the record of proceedings constitutes a “serious procedural misstep, the ‘presumptive penalty’ for which is dismissal of the appeal.” Islamov v. Tiomkin, 2011 Mass. App. Div. 13, 15, quoting Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. Surabian’s suggestion that he took no further action of any kind for months because he was waiting for the trial court clerk to assemble the record constitutes nothing more than a misstatement of both Appellate Division procedure and his own obligations, as the appellant, “to monitor the progress” of his appeal, Brown v. Quinn, 406 Mass. 641, 644 (1990), and to take all necessary steps to expedite and advance that appeal. Frankston v. Ferme, 2007 Mass. App. Div. 203, 204. An appellant is required to treat his notice of appeal “as something more than taking out an option to appeal.” Associated Chiropractic Servs., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 191. The fact that Surabian was proceeding pro se in no way relieved him of the procedural obligation to perfect his appeal. International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983); Holyoke Med. Ctr., Inc. v. George, 2011 Mass. App. Div. 30, 32-33.
Accordingly, as Surabian failed to commence timely and perfect an appeal of the court’s allowance of summary judgment for Citibank, Surabian’s attempted summary judgment appeal was properly dismissed, and no question of the validity of that judgment is open on this appeal.
3. As to Surabian’s remaining arguments, we conclude that there was no error in the denial of his motion to vacate the judgment and stay proceedings.
To the extent that we can discern them from Surabian’s papers, Surabian’s argument with respect to the denial of his motion to vacate and to stay include: a reiteration of his untimely, unperfected appeal of the motion judge’s allowance of Citibank’s summary judgment motion (specifically, that Citibank failed to meet the requirements of the relevant procedural rules in filing that motion); his statement that between February 24,2011 and May 2,2011, when he apparently believed, mistakenly, that he was subject to a grace period of inaction triggered by his December 15, 2010 filing of the notice of appeal discussed above, Citibank sought to collect on the existing judgment against him; and his recitation of claimed inaccuracies in the facts and argument set out in Citibank’s October, 2011 opposition to his motion to vacate and to stay. We also read into Surabian’s appeal an argument that the motion judge incorrectly rejected his arguments in support of the motion to vacate and to stay. None of these contentions is persuasive.
As noted above, as Surabian’s appeal of the grant of summary judgment made against him was not timely and never perfected, we do not reach the merits of that argument.
Surabian’s argument that Citibank acted improperly in taking steps, including initiation of a supplementary process action against him, to collect on the judgment during the period after Surabian filed his untimely notice of appeal in December, 2010 is unavailing. While Mass. R Civ. R, Rule 62(d), provides for an automatic stay on appeal — “the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal” — as noted above, Surabian failed to *49 take the steps necessary to initiate and perfect a valid appeal of the summary judgment in this case. Without an appeal having been initiated, there was no trigger for a Rule 62(d) stay. Absent any action of any kind by Surabian to commence and perfect a proper appeal, there was no viable appeal pending when Citibank began its collection efforts almost six months after the entry of judgment. Citibank was within its rights to attempt to collect on the judgment between the end of February and May, 2011.
Turning last to Surabian’s arguments on the motion to vacate judgment, we concur with the substance of the motion judge’s assessment that “Surabian’s motion does not suggest any grounds for relief from judgment besides — read broadly and generously — that he had requested a jury trial but instead lost a motion for summary judgment.” Rule 60(b), governing relief from judgment, provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
A motion brought under this rule, as Surabian’s motion “to remove judgment” was, is “addressed to the discretion of the judge.” See Bird v. Ross, 393 Mass. 789, 791 (1985), citing Parrell v. Keenan, 389 Mass. 809, 815 (1983); Trustees of the Stigmatine Fathers, Inc. v. Secretary of Admin. & Fin., 369 Mass. 562, 565-566 (1976). See also Riley v. Davison Constr. Co., 381 Mass. 432, 441-442 (1980) (same, vacating default judgment). In these circumstances, the granting of a stay was also discretionary with the court. See Tavares v. Mashpee 130 Shops, Inc., 2009 Mass. App. Div. 227, 229, citing Christmas Crossing, Inc. v. Box Car Willy’s, Inc., 2003 Mass. App. Div. 182, 183. The first five subsections of the rule are clearly inapplicable to Surabian’s claim of error. There is also nothing at all in Surabian’s original motion or subsequent briefing to suggest that the “catch-all” exception in Rule 60(b) (6) could apply here, much less that the court’s failure to allow Surabian’s motion on this ground was an abuse of discretion. See Parrell, supra at 815, citing Clarke v. Burkle, 570 F.2d 824, 830 (8th Cir. 1978). Surabian has failed to demonstrate the “extraordinary circumstances” required for Rule 60(b) (6) relief. See generally Jones v. Boykan, 464 Mass. 285, 291 (2013); Ulin v. Polansky, 83 Mass. App. Ct. 303, 308 (2013). The motion judge did not abuse his discretion in denying Surabian’s motion to vacate the summary judgment against him, and there was no err or in the judge’s exercise of his discretion in declining to grant the stay that Surabian requested.
The trial court’s rulings are affirmed.
So ordered.

 See generally, as to requirements for a Rule 56(f) motion and affidavit for a continuance of summary judgment, Sullivan v. Utica Mut. Ins. Co., 439 Mass. 387, 400-401 (2003); Alpha Co. v. Kilduff, 72 Mass. App. Ct. 104, 109-111 (2008).

 Rule 4(a) states in pertinent part: “If a post-judgment motion under the District/Municipal Court Rules of Civil Procedure is timely served or filed in the trial court... by any party (1) under Rule 52(b) to amend or make additional findings of fact... (2) under Rule 59 to alter or amend judgment; or (3) under Rule 59 for a new trial, the ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.”

 Surabian incorrectly suggests in his appellate brief that his reconsideration motion could have been considered as one under Mass. R Civ. R, Rule 60(b). Nothing set forth in that motion resembled a Rule 60(b)(1)-(5) ground for relief from judgment. Moreover, at the time this matter was decided, a Rule 60(b) motion was not one under Rule 4(a) that would toll the ten-day period for filing a notice of appeal.
However, the Supreme Judicial Court has now promulgated an amendment to Dist/Mun. Cts. R. A. D. A., Rule 4(a), effective May 1, 2013, that adds a Rule 60(b) motion filed within ten days of judgment to those motions in Rule 4(a) that toll the time for commencing an appeal. Rule 60 (b) motions filed after the initial ten-day period would not be included.