Swan, PJ.
John Duffy, D.C. (“Duffy”) treated Yvonne Cormier (“Cormier”) for injuries she received in a vehicular accident on July 13,2008. The vehicle was insured by Metropolitan Property and Casualty Insurance Company (“Metropolitan”), and Cormier also had a health insurance policy with CIGNA Healthcare (“CIGNA”). Treatment ended on December 5, 2008, and Duffy’s bills totaled $5,835.00. Metropolitan paid $2,000.00 under its personal injury protection (“PIP”) coverage, and CIGNA paid additional sums, leaving an unpaid balance of $937.40. An independent medical examination commissioned by Metropolitan concluded that Cormier had reached an end result on November 3, 2008, and Metropolitan refused payment for any expenses incurred thereafter.
On May 1,2013, Duffy sued Metropolitan for the $937.40 balance pursuant to G.L.c. 90, §34M. Metropolitan averred as an affirmative defense that Duffy failed in his statutory duty to coordinate benefits with CIGNA and did not provide to Metropolitan an explanation of benefits (“EOB”) from CIGNA Metropolitan moved for summaiy judgment on these grounds. In support of its motion, Metropolitan submitted affidavits of its claims representative, stating that the company never received an EOB from Duffy, and records of CIGNA certified by its keeper of records, indicating that CIGNA had in fact made partial payments on tile claim and on several occasions sent its EOB to Duffy, up to December 31, 2008.[2] Duffy responded with sworn copies of his bills and reports relating to Cormier’s treatment. The Concord District Court allowed the motion for summary judgment, and Duffy has appealed from that judgment.
At the outset, we address Duffy’s claim that the affidavit and record certification submitted by Metropolitan were not signed, and that therefore the motion was not supported by affidavits as required by Mass. R. Civ. P., Rule 56(e). Because of this deficiency, Duffy filed a motion to strike the affidavits. Signed copies were, however, *62 filed with the court on or just before the hearing date. As a result, the motion judge deified the motion to strike because “all issues [were] cured by [the] time of hearing.” Rule 56(e) clearly allows for this: “The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.” The adding of signatures in no way changed the substance of Metropolitan’s evidence, nor does the record indicate that Duffy “identified to the court any way in which he was prejudiced by [Metropolitan’s] failure to provide the signed form of the affidavit in advance of the ... hearing date.” Citibank (S.D.) NA v. Surabian, 2013 Mass. App. Div. 45. Cf. USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 136-138 (1983) (error for judge to receive supplementary affidavit with new factual information, where opposing counsel was absent due to illness). Moreover, Duffy has not included in his record appendix a transcript of the hearing, so we are unable to ascertain whether Duffy objected to the late filing or requested a continuance, a remedy he could have pursued under Mass. R. Civ. P., Rule 56(f). Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387,400-401 (2003); Alphas Co. v. Kilduff, 72 Mass. App. Ct. 104, 109-110 (2008); Citibank (S.D.) NA v. Surabian, supra.
With respect to the form of the affidavit from Metropolitan, it was written and (ultimately) signed by the insurer’s claims representative assigned to this case. Even though the affidavit does not use the words “upon personal knowledge” as in Duffy v. Commerce Ins. Co., 2009 Mass. App. Div. 196, 198, the affiant was qualified to speak to the review of the very file that she handled. The certification from CIGNA was executed (again, ultimately) by CIGNA’s record keeper and asserted that the documents (consisting of EOB notices) were made in good faith, in the regular course of business, prior to the instant litigation, and that it was the regular course of CIGNA’s business to malee such records “at the time of their creation,” all in compliance with Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005), G.L.c. 233, §78, and Mass. G. Evid. §803(6) (A) (2014). The affidavit and record certification were properly received and considered by the motion judge.
As to the allowance of the motion itself, “ [s] ummary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.” Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).
General Laws c. 90, §34A states in part that “personal injury protection provisions shall not provide for payment of more than two thousand dollars of expenses... if, and to the extent that, such expenses have been or will be compensated, paid or indemnified pursuant to any policy of health, sickness or disability insurance or any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services.” This clause “has a justifiable and rational basis for distinguishing between a claimant ... who has health insurance coverage, and a claimant who lacks health insurance, in support of the legitimate purposes of coordinating insurance benefits so that costs of automobile insurance may be reduced. See Creswell [v. Medical W. Community Health Plan, Inc., 419 Mass. 327,] 329 [(1995)]; Mailhot v. Travelers Ins. Co., 375 Mass. 342, 347 (1978); Pinnick v. Cleary, 360 Mass. 1, 28-30 (1971).” Dominguez v. Liberty Mut. Ins. Co., 429 Mass. 112, 118 (1999). Here, in “seeking payment from the defendant for his medical expenses above $2,000, [Duffy] was obligated to cooperate and deal in good faith with both [CIGNA and Metropolitan], Sorensen v. Sorensen, 369 Mass. 350, 364 (1975), to comply with the provisions of both insurance policies, and to act in *63 keeping with the applicable law.” Id. The procedure for Duffy to follow is well established by Sabino Chiropractic Office, Inc. v. Arbella Mut. Ins. Co., 2008 Mass. App. Div. 260. After receipt of $2,000.00 in PIP benefits, Duffy was to file his bills with CIGNA for coverage over that amount. Once CIGNA declined to pay some of the bills, Duffy was then obliged to forward bills for the unpaid portions to Metropolitan for determining any further PIP coverage. The only way for Duffy to accomplish this was to provide Metropolitan with CIGNA’s EOB. As Duffy “failed to submit [his] claims in this fashion, it was not improper for the defendant to refuse to pay them.” Id. at 262, quoting Mejia v. American Cas. Co., 55 Mass. App. Ct. 461, 466 (2002).
Duffy filed no affidavit opposing the motion for summary judgment. “When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Mass. R. Civ. P., Rule 56(e). Instead, Duffy cited his own self-serving averment in his answers to interrogatories, submitted with Metropolitan’s motion, that he coordinated benefits, but Metropolitan was unable to know that without the EOB. In addition to giving the PIP carrier such information as a description of the injuries and treatment received, the insured, and by extension an unpaid party like Duffy, must provide “such other information as may assist in determining the amount due and payable.” G.L.c. 90, §34M. The certification from CIGNA indicates that the EOB notices, over a dozen in number, were regularly sent by CIGNA to Duffy, and only to Duffy.[3] The last one was sent on December 31, 2008. Yet in the same interrogatory answer, signed over four years later, Duffy stated that he was “not currently in possession of the Explanation of Benefits from CIGNA. [Duffy] has contacted CIGNA and requested documentation. Any documents received will be forwarded to [Metropolitan] upon receipt” Whether Duffy never found the EOB in the mail or received and misplaced the EOB is of no consequence. The duty to coordinate benefits by its very nature implies a concomitant duty to inform the PIP carrier how benefits have been coordinated, for what services and for what amounts. No dispute of fact exists as to the failure of Duffy to convey the EOB to Metropolitan. Without the EOB, Metropolitan had no further obligation to make additional PIP payments.[4]
Judgment affirmed.

 The certified records are the EOB notices, which consist of a series of notices sent to Duffy over a period of time, each setting forth the amounts of Duffy’s separately billed services and the amount that CIGNA has agreed to pay to Duffy for each service pursuant to its contract with Cormier.

 The last EOB statement was addressed to Duffy’s business name, “Waltham Chiro” (shown as Waltham Chiropractic elsewhere in the record), at Duffy’s address, 425 River Street, Waltham.

 The fact that Metropolitan initially wrote to Duffy giving another reason for refusing payment — namely, treatment after the cutoff date set forth in its independent medical examination — does not, as we noted in Northshore Chiropractic v. Commerce Ins. Co., 2010 Mass. App. Div. 168, 171, affect Metropolitan’s reliance on its defense of failure to provide the EOB, since Duffy, as a PIP plaintiff, bore “the burden of proving compliance with the conditions precedent to recovery.” Id. at 169, citing Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 634 (1992).