Byrne, J.
The plaintiff, Barron Chiropractic and Rehabilitation, P.C. (“Barron”), filed this action against defendant, Enterprise Rent-A-Car Company of Boston, Inc. (“ERAC”), seeking to recover unpaid personal injury protection (“PIP”) benefits with respect to the treatment of Corey Hinds (“Hinds”), the insured. ERAC moved for summary judgment Barron filed an opposition and motion to strike affidavits. The Court denied the motion to strike, allowed the motion for summary judgment, and Barron has appealed.[1]
Barron commenced this action to recover payment for medical treatment provided to Hinds for injuries sustained on April 15, 2011 in a car accident where he was operating a car owned and insured by ERAC. Barron asserts that it submitted bills, records, and reports to ELCO, the third party administrative claims service for ERAC, in accord with the requirements of M.G.L.c. 90, §34M which is the PIP provision of ERAC’s insurance policy. Upon receipt of the claim, ELCO attempted to conduct an investigation into the facts of the alleged injury and loss by requesting an Independent Medical Examination (“IME”) of Hinds pursuant to M.G.L.c. 90, §34M. At the direction of ELCO, Scope Medical Examinations (“Scope”) mailed to Hinds’ home address, and to his counsel’s office, notice of the date of the IME. Mr. Hinds failed to appear for the examination and offered no explanation. Scope mailed a second notice informing Hinds and his counsel of the new date on which the IME had been scheduled. Again, Hinds failed to appear for the examination without offering any reason. Following this second missed appointment ELCO informed Barron that, because the insured had failed to cooperate and submit to an IME, Barron’s claim for PIP benefits was denied.
In its motion for summary judgment and supporting affidavits, ERAC argued that Hinds failed to cooperate with ERAC in its investigation of the underlying accident by failing to appear for an Independent Medical Examination; therefore it was not obligated to pay Barron’s claims. Affidavits of Laura Pye, an employee of ERAC, and Katherine Jordan, owner of Scope Medical Examinations, were submitted.
At the outset, we address Barron’s argument that the affidavits of Pye and Jordan should have been stricken because they were not based upon personal knowledge and consequently the motion was not supported by affidavits as required by Mass. R. *112 Crim. P., Rule 56(e). The argument fails because “[t]he foundation for the admissibility of a business record does not need to be established through the testimony of the preparer... of the record "McLaughlin v. CGU Ins. Co., 445 Mass. 815, 818-819 (2006); Beal Bank, SBB v. Eurich, 444 Mass. 813, 815 (2005). Business records which are transcribed from other records which were also apparently made in ordinary course of business are admissible with no need to produce each speaker. Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982).
In this case, Pye’s affidavit was written and signed by her as the insurer’s claims administrator who was assigned to this claim. As in Duffy v. Metropolitan Property and Casualty Ins. Co., 2015 Mass. App. Div. 61, the affiant was qualified to speak to the review of the file that she personally handled. Similarly, Ms. Jordan’s affidavit identifies her as the owner and office manager of Scope Medical Examinations and indicates that she is knowledgeable about Scope’s record keeping practice regarding notification of IME appointments because she is responsible for tracking the attendance or absence of individuals scheduled for IMEs at Scope on a daily basis. Indeed, both affidavits establish that the affiants were privy to the documents appended to their affidavits and were responsible for reviewing and maintaining those documents and that the documents were kept accurately in the ordinaiy course of business and were relied upon by the insurer, ERAC.
As stated in the Massachusetts Guide to Evidence, a business record “shall not be inadmissible because it is hearsay or self-serving if the court finds that (i) the entry, writing, or record was made in good faith; (ii) it was made in the regular course of business; (iii) it was made before the beginning of the civil... proceeding in which it is offered; and (iv) it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter.” Mass. G. Evid. §803(6)(A), at 279 (2015). In Wingate, the Court also reiterated that the business records exception statute makes it clear that the “personal knowledge by the entrant or maker [of the record] is a matter affecting the weight rather than the admissibility of the record.” Wingate, supra at 406. See Beal Bank, SSB v. Eurich, 444 Mass. 813, 815-816 (2005) (testimony of bank manager sufficient to support admitting computer printouts as business records from company the bank employed to service and track payment on its loans).
In the present case, there was no indication that the records were made in bad faith and, because all of the other requirements for admissibility were met, the records could properly be considered as evidence of the facts stated therein. G.L.c. 233, §78; McLaughlin, supra at 819-20.
As to the allowance of the motion itself, “[s]ummary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.” Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012). “A party moving for summary judgment in a case in which the opposing party has the burden of proof at trial [as is the case here] is entitled to summary judgment if [it] demonstrates, by reference to pleadings, other discovery or affidavits, unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that parry’s case.” McLaughlin, supra at 818. A court must “view[] the evidence in the light most *113 favorable to the non-moving party.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
The PIP statute specifically proves that the injured person making the claim “shall submit to physical examinations by physicians selected by the insurer... and ... [n] on-cooperation of an injured party shall be a defense to the insurer in any suit for benefits authorized by this section.” M.G.L.c. 90, §34M.
Here, Scope mailed letters on two occasions to Barron’s patient, Cory Hinds and also to his attorney, notifying Hinds of the two IME dates. Mr. Hinds failed to appear for either appointment, offering no explanation. None of the letters were returned. Proper mailing of a letter is “prima facie evidence” in civil cases of its receipt by the addressee. Com. v. Crosscup, 369 Mass. 228, 239 (1975); Huntley v. Whittier, 105 Mass. 391 (1870). Where, as here, the insured fails to submit to a request for an IME, that amounts to non-cooperation which is a complete defense. The insurer is not required to make any payments where that condition precedent was not met. See Brito v. Liberty Mutual Ins. Co., 44 Mass. App. Ct. 34 (1997) (where insurer reasonably requested substantiation of the claim by an independent medical examination was not required to pay medical bills where it was the insured who put off the examination).
“When a motion for summary judgment is made and supported as provided in this rule, an adverse party... must set forth specific facts showing that there is a genuine issue for trial.” Mass. R. Civ. P., Rule 56 (e). Here, Baron presented nothing whatsoever to counter the affidavits and documents submitted by ERAC.
Judgment affirmed.
So ordered.

 The judge failed to rule on the motion, and did not consider the affidavits, thus implicitly denying the motion. See Com. v. Dubois, 451 Mass. 20, 29 (2008) (“failure of a judge to rule on a motion is treated as an implicit denial”).