NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1039

SCOTT C. SMITH & another[1]

vs.

JPMORGAN CHASE BANK, N.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Scott C. Smith brought a fourteen count complaint in Superior Court against JPMorgan Chase Bank, N.A. (JPMorgan) and the law firm representing it in connection with a foreclosure proceeding on Smith's home.  The law firm was eventually dismissed from the case and summary judgment entered in favor of JPMorgan.  Smith now appeals from the entry of summary judgment.  The lawyer who represented Smith in the trial court, plaintiff Brian J. Wasser, Esq., appeals from the Superior Court's order of sanctions against him in connection with his representation of Smith.  We affirm.

---

[1] Brian J. Wasser, Esq.

1.  Summary Judgment.  "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.'"  Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).  Here, the judge determined that Smith's claims were premised upon his position that JPMorgan had no authority to foreclose on his home by enforcing a mortgage note that he had entered into with Washington Mutual in 2006.[2] Smith's theory was that, at the time that JPMorgan purchased the assets of Washington Mutual (after Washington Mutual had been placed into federal receivership in 2008), the mortgage note had already been sold to a third party, such that JPMorgan received, if anything, only the right to service the loan.

The judge found that there was no genuine issue of material fact in dispute that JPMorgan was in possession of the original note, which was endorsed in blank.  A note endorsed in blank becomes bearer paper and is payable to anyone who bears the

---

[2] Smith voluntarily withdrew counts 4 and 5 and counts 2, 3, 6, 8-11, and 13 were all dismissed upon judgment on the pleadings.  Smith raises no claim on appeal with respect to those withdrawn and dismissed counts.  By the time of summary judgment, four counts remained:  count 1 (fraud), count 7 (quiet title), count 12 (93A), and count 14 (accounting), all premised upon Smith's contention that JPMorgan had no right to foreclose on his home.

paper.  See G. L. c. 106, § 3-205 (b) ("when endorsed in blank, instrument becomes payable to bearer").  As the bearer of the original note endorsed in blank, JPMorgan had the right to foreclose.  See Mitchell v. U.S. Bank, Nat'l Ass'n, 95 Mass. App. Ct. 901, 902-903 (2019) (where bank was in possession of note endorsed in blank, it was entitled to foreclose notwithstanding plaintiff's claim that bank did not have beneficial interest in note).

On appeal, Smith contends that the judge erred because the question of whether JPMorgan was in possession of the original note remained a disputed issue of fact.  Smith argues that JPMorgan never sufficiently established that it was in possession of the original note, and in any event, he presented contrary evidence creating a genuine issue of material fact. JPMorgan's possession of the note was established through the affidavit of a witness who, in the regular course of his employment, was familiar with the operations of JPMorgan's mortgage business and business records maintained by JPMorgan; the witness averred that the facts related in his affidavit were based on personal knowledge gained from his review of the records.  The affidavit went on to explain the transactions from Smith's execution of the mortgage note to JPMorgan's possession of the note.  Contrary to Smith's argument on appeal, the affidavit was sufficient to establish JPMorgan's possession of

3

the mortgage note.  See <u>McLaughlin</u> v. <u>CGU Ins. Co</u>., 445 Mass.

815, 820 (2006) (summary judgment ruling vacated where judge

disregarded affidavit by individual with familiarity with

operations and records of business).

As to any evidence contradicting JPMorgan's possession of

the note, Smith points to an affidavit of a former JPMorgan

employee regarding his review of another individual's mortgage

files (suggesting that the note in that case could not be

original because of the absence of punch holes) and a document

destruction agreement (produced in discovery in another case)

providing that certain JPMorgan documents were to be destroyed

in Juarez, Mexico.  As the trial judge observed, none of these

points served to contradict JPMorgan's evidence of its

possession of the note in this case and therefore did not create

a genuine issue of material fact.[3]  Summary judgment in favor of

JPMorgan was properly allowed.

---

[3] On appeal, Smith argues that the judge erred by ruling on summary judgment where discovery remained outstanding.  However, he did not avail himself of Mass. R. Civ. P. 56 (f).  See <u>Brick Constr. Corp</u>. v. <u>CEI Dev. Corp</u>. 46 Mass. App. Ct. 837, 840 (1999) (failure to file Rule 56 (f) affidavit waives right to further discovery prior to ruling).  That there was a protective order in place, staying discovery pending ruling on summary judgment, did not prevent Smith from requesting relief pursuant to Rule 56 (f).  Moreover, there was no abuse of discretion in the issuance of the protective order, which came more than two years after the complaint was filed and months after the close of discovery.  See <u>E.A. Miller, Inc</u>. v. <u>South Shore Bank</u>, 405 Mass. 95, 102 (1989) (no abuse of discretion where judge stayed discovery pending ruling on summary judgment, filed in response

2.  Sanctions.  "We review the judge's sanctions order for abuse of discretion or other error of law."  Commonwealth v. Edwards, 491 Mass. 1, 7 (2022), quoting Commonwealth v. Sanford, 460 Mass. 441, 445 (2011).  Here, the judge found that Wasser's filing of a motion on behalf of Smith seeking to file additional papers (a 2013 deposition transcript from another case) in response to JPMorgan's summary judgment motion was without "good ground" to support it.  See Mass. R. Civ. P. 11 (signature of attorney to pleading constitutes certificate by him that there is good ground to support it).

In the motion, Wasser claimed that he filed the motion without complying with Superior Court Rule 9A because he didn't have time, but the judge found that he had ample time.  Wasser also claimed in the motion that JPMorgan Chase was concealing evidence, and refusing to provide critical discovery it was required to produce, but the judge found that JPMorgan had objected and Smith had never moved to compel.  The judge also found that Wasser knew when he filed the motion that his prior attempt to include the same deposition transcript into the summary judgment record had been denied.  The judge accordingly found that Wasser's filing of the motion violated Rule 11 and sanctioned him by ordering that he pay JPMorgan's reasonable

to complaint, in face of plaintiff's claim that discovery might lead to evidence of bank's bad faith).

5

counsel fee associated with the motion, ultimately assessed to be $750.

On appeal, Wasser generally argues that he acted appropriately given the stakes involved.[4]  This is an "ends justifies the means" argument we do not accept.  No matter how important the cause, there are always avenues to zealously represent a client without running afoul of Rule 11.  We perceive no abuse of discretion or error of law in the judge's sanctions order.

Judgment affirmed.

_____

[4] He also makes a number of unavailing procedural arguments. He contends that the Court did not have the power to sanction him for his conduct with respect to a motion because Rule 11 only governs pleadings.  However, it is well established that Rule 11 is applicable to motions and other papers by virtue of Mass. R. Civ. P. 7 (b) (2), 365 Mass. 748 (1974).  See Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 414 (1998).  He also claims that the judge lacked jurisdiction to assess sanctions because the sanctions order was on appeal. However, the sanctions order was not on appeal; rather, the summary judgment was on appeal.  Finally, he contends that the Rule 11 order (1) violated due process because he had no notice that his conduct was at issue, (2) violated equal protection because JPMorgan was not sanctioned for its conduct, and (3) was vague and contradictory because the judge sanctioned him for a motion filed on an emergency basis but noted that the sanction was not because the motion was filed as an emergency.  The record reflects that Wasser had ample opportunity to address the sanctions issue in hearings and briefings.  That the judge did not sanction JPMorgan's counsel does not make out an equal protection claim.  The judge's sanctions order clearly sets forth that it was based on the fact that counsel filed the motion without good ground to support it and not because it was represented to be an emergency motion.

<u>Order awarding sanctions pursuant to Mass. R. Civ. P. 11 affirmed.</u>

By the Court (Desmond, Shin & Singh, JJ.[5]),

Clerk

Entered: September 16, 2024.

---

[5] The panelists are listed in order of seniority.