NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-262

ADA MANAGEMENT SERVICES LLC

vs.

SAMUEL HO & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this commercial lease dispute, the defendant, Samuel Ho, appeals from a judgment after a jury-waived trial in the Superior Court. We conclude that the judge properly rejected the defendant's contention that invoices of contractors hired by the plaintiff were not admissible as business records of the plaintiff. We further conclude that the evidence at trial permitted the judge to reject the defendant's claim that he had overpaid the rent. Finally, accepting the plaintiff's concession that the judgment is $9,000 too high, we reduce the judgment by $9,000 but otherwise affirm.

---

[1] Xin Sheng Jia. The claims against Xin Sheng Jia were voluntarily dismissed.

1. Business records.  We review a trial judge's evidentiary rulings for an abuse of discretion, see Commonwealth v. Kozubal, 488 Mass. 575, 589 (2021), cert denied, 142 S. Ct. 2723 (2022), and, if we find error, we reverse only if that "error has injuriously affected the substantial rights of the parties."  David v. Kelly, 100 Mass. App. Ct. 443, 451 (2021), quoting Coady v. Wellfleet Marine Corp., 62 Mass. App. Ct. 237, 244 (2004).

"The business records hearsay exception provides that 'a writing or record . . . made as a memorandum or record of any act, transaction, occurrence or event, shall not be inadmissible in any civil or criminal proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving.'"  Kozubal, 488 Mass. at 588, quoting G. L. c. 233, § 78.  In his motion in limine, the defendant argued that the various invoices proffered by the plaintiff were not business records because "the documents were not created by plaintiff."  At trial, that remained the only objection raised by the defendant to the admission of the invoices.  Accordingly, that is the only ground preserved for appellate review.[2]  See Trapp v. Roden, 473 Mass. 210, 220 n.12 (2015).

---

[2] For that reason, we do not reach the defendant's new foundation objections raised for the first time on appeal.

This preserved objection is unavailing.  It is settled law that "[t]he foundation for the admissibility of a business record does not need to be established through the testimony of the preparer nor . . . the transmitter of the record." McLaughlin v. CGU Ins. Co., 445 Mass. 815, 819 (2006).  See Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 479-480 (2017), quoting Beal Bank, SSB v. Eurich, 444 Mass. 813, 817 (2005) ("The flexible view of who may supply the foundation facts for purposes of the business records exception reflected in the Federal Rules of Evidence is consistent with the settled Massachusetts view that G. L. c. 233, § 78, 'should be interpreted liberally to permit the receipt of relevant evidence'").

The case of Quinn Bros., Inc. v. Wecker, 414 Mass. 815 (1993), is directly on point.  There, the defendant offered "various invoices from various contractors and equipment suppliers" as "evidence of its costs."  Id. at 817.  The Supreme Judicial Court held that the invoices were properly admitted as business records on the testimony of the defendant's records custodian.  Id. at 818.  As the court stated, "The statute contemplates admissibility of records if they represent a system of keeping accounts.  The fact that [the defendant] did not write the invoices does not mean that the records were not the business records of the [defendant]."  Id.

3

Here, Alexander Politman testified that he was the keeper of records for the plaintiff, that he paid the various invoices, and that they were maintained by the plaintiff in the ordinary course of business.  Cf. OneBeacon Ins. Group v. RSC Corp., 69 Mass. App. Ct. 409, 413 (2007) (loss estimate prepared by public adjustor and used by insurer's adjustor in computing insurer's own loss estimates and deciding homeowner's compensation was properly admitted).  As the business's owner, Politman was "reportin[ing] the information as a matter of business duty." Commonwealth v. Fulgiam, 477 Mass. 20, 40, cert. denied, 583 U.S. 923 (2017), quoting Wingate v. Emery Air Freight Corp., 385 Mass. 402, 406 (1982).  The invoices were admissible as business records to show what the plaintiff paid to repair the damage caused by the defendant.

The defendant's reliance on NationsBanc Mortg. Corp. v. Eisenhauer, 49 Mass. App. Ct. 727 (2000), is misplaced. Although that case did indeed state that that the maker of a business record must testify for its admission, id. at 734, that proposition is no longer good law.  In Beal Bank, SSB, 444 Mass. at 816-817, the Supreme Judicial Court stated that our holding in NationsBanc Mortg. Corp. was contrary to the principle "that G. L. c. 233, § 78, 'should be interpreted liberally to permit the receipt of relevant evidence,'" and that admission of a business record does not require testimony from its maker.  Beal

4

Bank, SSB, supra, quoting Wingate v. Emery Air Freight Corp. 11 Mass. App. Ct. 982, 983 (1981), S.C., 385 Mass. 402 (1982). The trial judge acted within his discretion in admitting the plaintiff's invoices.

2. Counterclaim. Under Rule 20 of the Rules of the Superior Court (2018), parties to a civil suit may "consider and propose options to achieve a less costly and more expeditious resolution of their dispute." Rule 20(2)(h) permits a "trial to a judge without a jury with or without additional conditions," such as "a waiver of detailed written findings of fact and rulings of law." When written findings are waived, the rule mandates a "deferential standard of review." Aspell v. Raad, 106 Mass. App. Ct. 291, 292 (2025). "[A]ppellate review is conducted according to the same standard as that applied to a judgment entered following a jury verdict." K & K Dev., Inc. v. Andrews, 103 Mass. App. Ct. 338, 344 (2023). A jury verdict is not set aside unless it "has no rational basis in the evidence." Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 594-595 (2007). Accordingly, a rule 20(2)(h) verdict "will be affirmed so long as 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of' the prevailing party." Aspell, supra at 293, quoting K & K Dev., Inc., supra at 344.

5

Here, the parties agreed to try the case pursuant to rule 20, waiving both a trial by jury and detailed findings and rulings of law. Applying the properly deferential standard of review, we conclude that the evidence supported the trial judge's conclusion that the defendant did not overpay the rent by three months.

At trial, Politman testified that defense counsel was "probably correct" that the defendant made a total of "39 [rent] payments for 36 months." Politman further testified that the money was never returned to the defendant. On redirect examination, however, Politman clarified that in September 2017 and February 2018 three checks came back unpaid, so the plaintiff received a net total of thirty-six rent payments. Then, on recross examination, Politman confirmed that the plaintiff "eventually got the money" for September and February.

The trier of fact was "entitled to credit all, part, or none of [a witness's] testimony." Vedensky v. Vedensky, 86 Mass. App. Ct. 768, 774 (2014). Applying the standard of review applicable to a judgment under rule 20, we have no basis to disturb the trial judge's decision to credit the testimony Politman gave on redirect examination. See Buster v. George W. Moore, Inc., 438 Mass. 635, 644 (2003) ("The judge was free to credit and discredit portions of each party's testimony"); Spinosa v. Tufts, 98 Mass. App. Ct. 1, 10-11 (2020), quoting

6

Brewster Wallcovering Co., 68 Mass. App. Ct. at 609 ("so long as there was '[e]vidence that enable[d] the [fact-finder] to arrive at a reasonably approximate estimate of damages,' the award will stand on appeal").

3. Correction of the verdict. During closing arguments, plaintiff's counsel stated that "the total [damages] we are asking for on all of our claims is $69,643.45 . . . with the understanding that $9,000 should be applied against that, so the final [award] should be $60,643.45." In an apparent clerical error, the judgment orders "that the plaintiff ADA Management Services, LLC recover of defendant Samuel Ho the sum of $69,643.25 with interest thereon." At oral argument, plaintiff's counsel again agreed that the award should be reduced by $9,000. Accordingly, the final award shall be amended to reflect a reduction of $9,000, representing the security deposit paid by the defendant and properly retained by the plaintiff. See G. L. c. 186, § 15B (4) (iii); Peebles v. JRK Property Holdings, Inc., 496 Mass. 389, 393-394 (2025).

4. Conclusion. So much of the judgment as ordered the plaintiff to recover the amount of $69,643.25 from the defendant is vacated, and a new judgment shall enter ordering the

7

plaintiff to recover the amount of $60,643.25 from the defendant. As so modified, the judgment is affirmed.[3]

So ordered.

By the Court (Meade, Ditkoff & Toone, JJ.[4]),

*Paul Little*

Clerk

Entered: January 13, 2026.

---

[3] Under the lease, if the "[l]andlord prevails in such suit, Tenant shall pay Landlord its costs of suit, including, without limitation, a reasonable sum for attorneys' fees in such suit, and such attorneys' fees shall be deemed to have accrued on the commencement of such action." At oral argument, defense counsel properly agreed that the lease allows for appellate attorney's fees. The plaintiff's request for appellate attorney's fees is granted. Consistent with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may submit an application for its appellate attorney's fees and costs, with supporting documentation, within fourteen days of the date of this opinion. The defendant shall have fourteen days within which to respond. See Slive & Hanna, Inc. v. Massachusetts Comm'n Against Discrimination, 100 Mass. App. Ct. 432, 442 n.20 (2021).

[4] The panelists are listed in order of seniority.